## *In re* WOODS, Petitioner.

ORIGINAL.

No number. Submitted January 18, 1892. — Decided February 29, 1892.

The questions (1) whether it is settled law in the State of Minnesota that a judgment of dismissal in a former suit, such as is pleaded in this case, was not a bar to a second suit on the same cause of action; (2) whether the law in respect of recovery by a servant against his master for injuries received in the course of his employment was properly applied on the trial of a case, do not fall within the category of questions of such gravity and general importance as to require the review of the conclusions of the Circuit Court of Appeals in reference to them.

THIS was an application for a writ of *certiorari* to the United States Circuit Court of Appeals for the Eighth District. The court stated the case as follows:

This was an action brought by August Lindvall in the Circuit Court of the United States for the District of Minnesota against John Woods and Stephen B. Lovejoy, partners as Woods & Lovejoy, to recover for a personal injury alleged to have been caused through the negligence of the defendants. The issues were a general denial and the plea of former adjudication.

The case was twice tried, and upon the first trial the plea of former adjudication was sustained, but a new trial was granted for the reasons given in the opinions of Mr. Justice Miller and Judge Nelson, reported in 47 Fed. Rep. 195. The second trial resulted in a verdict and judgment for the plaintiff for $3800, and costs taxed at $142.50, and a motion for new trial having been overruled, the case was taken by writ of error to the Circuit Court of Appeals for the Eighth Circuit.

In the Circuit Court it was contented, on the merits, that the rule which precludes a servant from recovering from his master for an injury received through the negligence of fellow-servants was applicable, and upon the conclusion of the evidence the defendants moved the court to instruct the jury to return a verdict for them on the ground that the plaintiff had failed to make out a cause of action, which motion was denied, exception taken, and the ruling assigned for error. The Circuit Court of Appeals held that the rule invoked did not apply, and that the verdict was sustained by the evidence. (4 U. S. App. 49.)

From the bill of exceptions it appeared that to sustain their plea of a former adjudication, the defendants offered in evidence a duly certified transcript of record, which showed the following facts:

"That the same plaintiff had brought an action against the same defendants, upon exactly the same cause, for the same injury, in the District Court of the State of Minnesota for the county of Hennepin, a court of general jurisdiction in said State.

"That upon the trial of said cause in said District Court, after the plaintiff had put in all his evidence and rested his case, the defendants moved said District Court to dismiss said action upon the ground that the evidence of plaintiff did not make out a case against said defendants; which motion, after due and solemn argument by both defendants and plaintiff and upon due consideration, was granted by said District Court and said action was dismissed.

"That thereupon the plaintiff procured a stay of proceed-. ings and made up and procured to be settled and signed by the judge who tried the case a settled case and exceptions containing all the evidence, and upon the pleadings and such settled case made a motion for a new trial in said District Court; that said motion for a new trial, after due hearing and consideration, was denied by said District Court.

"That thereupon said plaintiff, under the practice and procedure in the Minnesota courts in such cases, appealed to the Supreme Court of Minnesota from said order denying the motion for a new trial and carried to the Supreme Court upon such appeal the pleadings and all the evidence given in the court below.

"That the case upon said appeal was duly heard and tried in said Supreme Court, and the decision and order of said District Court was by said Supreme Court duly and in all things affirmed.

"That thereupon a mandate issued from said Supreme Court to said District Court for further proceedings in accordance with such decision, and upon the filing of said mandate judgment in said cause was given and entered in said District Court as follows, to wit:

(Omitting title and recitals.)

"Now, on motion of Messrs. Shaw & Cray, attorneys for said defendants, it is ordered and adjudged that said action be, and hereby is, dismissed, and that said defendants do have and recover of said plaintiff the sum of seven and $\frac{53}{100}$ dollars for their costs and disbursements of said action duly taxed and allowed herein."

To the admission of this transcript in evidence plaintiff objected, the objection was sustained, the transcript excluded, and defendants duly excepted.

The Circuit Court of Appeals held that the effect of the judgment of the state court dismissing, on the defendants' motion, an action brought in that court, at the conclusion of plaintiff's testimony, upon the ground that the plaintiff had failed to make out a case, was a question of local law depend-

ing on the construction of the statute of the State, and that the established doctrine of the Supreme Court of Minnesota was that under the statute such judgment of dismissal was not a judgment upon the merits of the action which would bar the plaintiff from maintaining another suit for the same cause, but that it was in effect nothing more than a common law or voluntary non-suit; that this construction by the Supreme Court of the State should be followed by that court; and, therefore, that the record of the judgment of dismissal constituted no bar to the action and was rightly excluded.

Judgment of affirmance having been rendered by the Circuit Court of Appeals, the mandate was stayed in order to enable plaintiffs in error to make application to this court for a writ of *certiorari* in the cause, and that application was accordingly made, upon notice, and accompanied by a certified copy of the entire record of the case, in compliance with the rule.

*Mr. Willard R. Cray* for the petitioners.

*Mr. John W. Arctander* and *Mr. John Lind* opposing.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

In *Lau Ow Bew, Petitioner*, 141 U. S. 583, it was held that the power of this court to require a case in which the judgment and decree of the Circuit Court of Appeals is made final, to be certified for review and determination, as if it had been brought here on appeal or writ of error, could only be properly invoked under section six of the act of Congress entitled "An act to establish Circuit Courts of Appeals and to define and regulate in certain cases the jurisdiction of the courts of the United States, and for other purposes," approved March 3, 1891, (26 Stat. 826, 828, c. 517,) when questions of gravity and importance were involved.

This must necessarily be so in any view, and especially when it is considered that the Circuit Courts of Appeals were created for the purpose of relieving this court of the oppres-

sive burden of general litigation, which impeded the examination and disposition of cases of public concern, and delayed suitors in the pursuit of justice.

But in the interest of jurisprudence and uniformity of decision, to use the language of the eminent jurist and statesman who had charge of the bill, provision was made under section six for such supervision on our part as would tend to avert diversity of judgments and guard against inadvertence of conclusion in controversies involving weighty and serious matters.

In the matter of *Lau Ow Bew*, the construction of acts of Congress in the light of treaties with a foreign government, and the status of domicil in respect of natives of one country domiciled in another, a matter of international concern, were brought under consideration upon the record, and we were of opinion that the grounds of the application were sufficient to call for our interposition.

But we do not regard the inquiry as to whether it was settled law in the State of Minnesota that a judgment of dismissal in a former suit, such as pleaded here, was not a bar to a second suit upon the same cause of action, or whether the law in respect of recovery by a servant against his master for injuries received in the course of his employment was properly applied on the trial of this case, as falling within the category of questions of such gravity and general importance as to require the review of the conclusions of the Circuit Court of Appeals in reference to them.

*The writ of certiorari is denied.*