## UNITED STATES *v.* RIMER.

CERTIORARI TO THE COURT OF APPEALS FOR THE FOURTH
CIRCUIT.

No. 158.    Argued April 26, 1911.—Decided May 15, 1911.

When certiorari is granted on the basis that the decision below involved principles of far-reaching effect and overthrew settled administrative construction, and it appears on the argument that the decision does not deal with such principles or have such effect, and that the action of the court below was not, either as to its character or importance, within the scope of the grant of power given by the Judiciary Act of 1891 to review by certiorari, the writ will be dismissed.

THE facts, which involve the jurisdiction of this court in regard to the scope of the grant of power under the Judiciary Act of 1891 to review judgments of the Circuit Courts of Appeal, are stated in the opinion.

*The Solicitor General* for the United States.

There was no appearance or brief filed for the respondent.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

The petition presented by the United States in this case for the allowance of a writ of certiorari, which was not opposed, proceeded upon the basis that the decision below involved a principle concerning the collection of internal revenue taxes of far-reaching importance, and which if thereafter applied in accordance with what it was urged was the rule established by the lower court would over-

throw practices prevailing as to the collection of internal revenue taxes for a long period of time, founded upon a well settled administrative construction, and thus produce at least great confusion.

As the record at least *prima facie* tended to sustain these contentions of the Government, the writ of certiorari was granted. With candor, in the argument at bar, while perspicuously discussing the legal propositions which it was deemed were involved when the certiorari was petitioned for, the Government conceded that a closer scrutiny of the record made it exceedingly doubtful whether the action of the court below, when accurately tested, dealt with the principle, which, it was deemed, rendered the granting of the writ necessary. Coming to consider the record, we conclude that it establishes that the doubt suggested by the Government is well founded, and, therefore, if we were to consider and decide the case we would but review the action of the court below in regard to a question as to which, under the Judiciary Act of 1891, the action of the court was final, and which, neither from its character or importance, was within the scope of the grant of power to review by certiorari.

After giving the matter most careful consideration because of the precedent as to future cases which must arise from the action we take in this, we have concluded that, under the conditions which we have stated, our duty is not to pass upon the merits of the case, but to dismiss the writ of certiorari. Our order will therefore be

*Writ of certiorari dismissed.*