ANDERSON v. MOYER, Warden.

(District Court, N. D. Georgia. February 9, 1912.)

1. CRIMINAL LAW (§ 984*)—PUNISHMENT—DIFFERENT OFFENSES—BREAKING AND ENTERING—LARCENY—CUMULATIVE SENTENCE.

Rev. St. § 5478 (U. S. Comp. St. 1901, p. 3696), provides that any person who shall forcibly break into or attempt to break into any post office with intent to commit larceny therein shall be punishable by fine and imprisonment, etc. Section 5456 (page 3683) declares that any person who robs another of any kind or description of personal property belonging to the United States or feloniously takes and carries away the same shall be punished by a fine and imprisonment. Held, that the offenses created by such sections were separate and distinct; and hence, where petitioner was charged in one count of an indictment with breaking into a certain post office with intent to commit larceny therein, and in another count with larceny of postage stamps from such post office at the same time, and was convicted on both counts, the court had jurisdiction to impose a cumulative sentence on each count.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2504–2509; Dec. Dig. § 984.*]

2. CRIMINAL LAW (§ 984*)—PUNISHMENT—DIFFERENT OFFENSES—BURGLARY AND LARCENY.

Where burglary and larceny are charged in one count of an indictment, the whole being one transaction and there is a general conviction, the court can only sentence for the higher offense, to wit, burglary.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2504–2509; Dec. Dig. § 984.*]

3. COURTS (§ 383*)—UNITED STATES SUPREME COURT—CERTIORARI—REFUSAL—EFFECT.

Since certiorari will be issued by the Supreme Court to review a determination of a Circuit Court of Appeals only when a writ of error will not lie, and then only where the case is one of gravity or there is conflict between decisions of state and federal courts or between federal courts of different circuits, or the case is one affecting the relation of this nation to foreign nations or of general interest to the public, the Supreme Court's refusal to issue a writ of certiorari to review a determination of a Circuit Court of Appeals does not necessarily imply an affirmance of such determination.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 383.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Petition for habeas corpus by Charles Anderson against William H. Moyer, Warden of the United States Penitentiary, at Atlanta, Ga. Dismissed.

Lamar Hill, for petitioner.

John W. Henley, Asst. U. S. Atty., for Moyer, Warden.

NEWMAN, District Judge. The petitioner, Charles Anderson, being confined in the United States penitentiary at Atlanta, Ga., brings his petition against William H. Moyer, the warden of the penitentiary, alleging that he is in unlawful restraint of his liberty for the reasons hereinafter stated.

An indictment containing five counts was returned May 7, 1907, in the United States District Court for the District of Oregon against Charles Anderson and three others. The first count in the indictment charged them with unlawfully and forcibly breaking into the Sellwood post office in the city of Portland, Or., with intent to commit a larceny therein, on January 18, 1907. The second count charged them with larceny of postage stamps from said post office on that date; the third count with larceny of $3 from the post office on the same date; the fourth with receiving and concealing on the same date the postage stamps stolen by them from the post office; and the fifth with receiving and concealing on the same date the money which they had stolen from the post office.

The petitioner, Charles Anderson, having filed his plea of not guilty, was tried by a jury, and on October 11, 1907, the jury returned a verdict finding him guilty as charged in the first, second, and third counts, and not guilty as charged in the fourth and fifth counts of the indictment, whereupon he was sentenced to a fine of $1,000 and to imprisonment at hard labor in the. United States penitentiary on McNeil's Island for a period of 5 years on the first count, 2½ years on the second count, and 2½ years on the third count. Other language in the sentence shows that it was cumulative; that is, for 10 years in all. The petitioner was duly committed and commenced to serve his sentence in the United States penitentiary on McNeil's Island, but was later, by order of the Attorney General, transferred to the federal prison at Atlanta, Ga., where he is now confined.

Anderson sets out in his petition that the five years for which he was sentenced, with the time for good behavior allowed him in the penitentiary, and the 30 days for nonpayment of fine—that is, his sentence under the first count in the indictment—has expired, and that the sentences on the second and third counts in the indictment were unlawfully imposed, and that he is, therefore, entitled to his discharge.

[1] The contention is that the offense with which Anderson was charged in the first count in the indictment embraces and absorbs the offenses charged against him in the subsequent counts of the indictment. The first count in the indictment was under section 5478 of the Revised Statutes (page 3696, U. S. Comp. St. 1901), which is as follows:

"Any person who shall forcibly break into, or attempt to break into any post office, or any building used in whole or in part as a post office, with intent to commit therein larceny or other depredation, shall be punishable by a fine of not more than one thousand dollars, and by imprisonment at hard labor for not more than five years."

The section under which the other counts were brought (section 5456, p. 3683) is as follows:

"Every person who robs another of any kind or description of personal property belonging to the United States, or feloniously takes and carries away the same, shall be punished by a fine of not more than five thousand dollars or imprisonment at hard labor not less than one or more than ten years, or both such fine and imprisonment."

So far as material here now, the question of whether or not Anderson is being unlawfully detained depends upon whether there could be lawfully imposed a sentence on the second count in the indictment in addition to that imposed on the first count, because, if the sentence on the second count was lawfully imposed, it is immaterial for the present about the third count as the sentence on the first and second counts has not expired.

The offense charged in the first count of the indictment—that is, the violation of section 5478, Revised Statutes—was complete when the defendant broke into the post office or building used in whole or in part as a post office with intent to commit therein larceny or other depredation. The evidence need only show the breaking and entering with the intent named in the statute as to the post office, and he need not have committed larceny at all in order to be convicted if the jury trying him believed, and the evidence was sufficient to justify this belief, that he broke or attempted to break into the post office with the intent stated. The offense charged in the second count of the indictment would be complete if the petitioner, the defendant in the case, feloniously took and carried away stamps, the personal property of the United States, without reference to whether he broke and entered, or attempted to break and enter, any post office with intent to commit this offense. So that the two offenses are entirely separate and distinct, and each complete in itself without reference to the other. The authority upon which the petitioner relies is the decision of the Circuit Court of Appeals for the Ninth Circuit in the case of Halligan, Warden, v. Wayne, 179 Fed. 112, 102 C. C. A. 410. It so happened that the petitioner in that case was jointly indicted with the petitioner, Anderson. The decision in the Wayne Case, as stated in the syllabus, is as follows:

"One accused of burglary with intent to commit larceny may in a second count of the same indictment be charged with the larceny, and on such an indictment may be convicted and punished for either offense, but not for both; and, when there is a general verdict of guilty, he may be sentenced for the burglary only."

It appears that in the Wayne Case there was a plea of guilty to the indictment, and the defendant was sentenced to three years on the first count, two years on the second count, two years on the third count, one year on the fourth count, and one year on the fifth count; the offenses charged in the counts being the same as in this, as a

matter of fact it was on the same indictment. In this case Anderson was found guilty by a jury on the first, second, and third counts, and not guilty on the fourth and fifth counts. Whether the fact that Wayne entered a plea of guilty generally and was sentenced on the several counts as indicated, and that Anderson, after pleading not guilty, was convicted by a jury on the first, second, and third counts specifically, makes any material difference in the cases, need not now be considered for the reason that my determination of the matter is controlled otherwise. To justify the discharge of the petitioner here, it is necessary, of course, that it should appear that the sentences imposed upon him by the court in Oregon, except upon the first count, were absolutely void. Nothing less would authorize action on this petition.

By section 1024 of the Revised Statutes (page 720, U. S. Comp. St. 1901), it is provided that:

"Where there are several charges against any person 'for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offenses, which may be properly joined, instead of having several indictments the whole may be joined in one indictment in separate counts; and if two or more indictments are found in such cases, the court may order them consolidated."

In Ex parte Peters (C. C.) 12 Fed. 461, which was an application for release on habeas corpus, the indictment upon which the petitioner entered a plea of guilty upon all the counts was as follows: The first count charged the petitioner with burglary, with the breaking and entering a building used as a post office, with intent to commit larceny, on the 28th of October, 1874. The second count charged him with larceny committed at the same time and place by stealing from the post office a letter containing $307.50, and the third count charged him with burglary at a different time and place, and with larceny at a different time and place. After the expiration of the sentence on the first count, the prisoner applied to the Circuit Court, sitting in Missouri, for a release on the ground that his imprisonment was illegal, and it was then determined that his sentence was valid at least for two terms of two years each, the court being of the opinion that these two distinct offenses were charged, one in the first and one in the third count, which charged breaking and entering two different post offices on different dates. The question as to the validity of the remainder of the sentence was deferred until it should be presented after the expiration of four years imprisonment. The two terms of two years each having expired, the petitioner renewed his application, which was heard and determined in the case referred to. (C. C.) 12 Fed. 461. The view of the court on this second application of Peters for a discharge will be shown by a brief extract from the opinion by Circuit Judge McCrary, as follows:

"The effect of this statute (§ 1024, R. S.) is to permit separate offenses of the same class and growing out of the same transactions to be joined in one indictment in separate counts, provided they are such as may 'be properly joined.' It makes no change in the law as it previously existed, except to permit offenses which might have been theretofore presented in

separate indictments to be presented in separate counts in the same indictment and separately punished. According to the great weight of authority, it may be regarded as settled that a person who breaks and enters a house with intent to steal therefrom, and actually steals, may be punished under separate indictments for two offenses, or one, at the election of the power prosecuting him. 1 Bish. Crim. Law, § 1062, and cases cited."

Section 1062 of Bishop's Criminal Law, cited above, is as follows:

"If in the night a man breaks and enters a dwelling house to steal therein, and steals, he may be punished for two offenses or one, at the election of the prosecuting power. An allegation simply of breaking, entering, and stealing states the burglary in a form which makes it single, and a conviction therefor will bar an indictment for the larceny or burglary alone. But equally well a first count may set out breaking and entering with intent to steal, and a second may allege the larceny as a separate thing, and thereon the defendant may be convicted and sentenced for both."

The cases cited as supporting this by the assistant district attorney arguing the case here are as follows: Speers v. Commonwealth, 58 Va. 570; State v. Hackett, 47 Minn. 425, 50 N. W. 472, 28 Am. St. Rep. 380; Wilson v. State, 24 Conn. 57; Josslyn v. Commonwealth, 6 Metc. (Mass.) 236; Dodd v. State, 33 Ark. 517; People v. Devlin, 143 Cal. 128, 76 Pac. 900; State v. Warner, 14 Ind. 572; State v. Ingalls, 98 Iowa, 728, 68 N. W. 445; Territory v. Willard et al., 8 Mont. 328, 21 Pac. 301; Gordon v. State, 71 Ala. 315; Bowen v. State, 106 Ala. 178, 17 South. 335; State v. Martin, 76 Mo. 337; Clark v. State, 59 Tex. Cr. R. 246, 128 S. W. 131, 29 L. R. A. (N. S.) 323; State v. Hooker, 145 N. C. 581, 59 S. E. 866; People v. Parrow, 80 Mich. 567, 45 N. W. 514; Fielder v. State, 40 Tex. Cr. R. 184, 49 S. W. 376; Sharp v. State, 61 Neb. 187, 85 N. W. 38; Howard v. State, 8 Tex. App. 447; Burton v. United States, 202 U. S. 344, 26 Sup. Ct. 688, 50 L. Ed. 1057. In the case of Burton v. United States the defendant was convicted and sentenced on two counts, one for agreeing to receive compensation and the other for receiving compensation. The Supreme Court in the decision cited above held that the agreement to receive and the receiving of the compensation denounced in the statute are separate and distinct offenses for which a defendant may be convicted and sentenced.

In the case of Triplett v. Commonwealth, 84 Ky. 193, 1 S. W. 84, 8 Ky. Law Rep. 67, cited in the Wayne Case, Mr. Justice Pryor, who wrote the opinion in that case, says he is aware that the whole weight of authority is adverse to his view, but he thinks the whole reason and philosophy of the law, as well as justice to the accused, requires a different rule. An authority cited by him is the dissenting opinion in Wilson v. State, 24 Conn. 70. The majority opinion in the case of Wilson v. State, however, was cited by the Supreme Court of the United States with approval and as an authority in the Burton Case, supra, 202 U. S. 381, 26 Sup. Ct. 688, 50 L. Ed. 1057.

[2] It is well recognized, of course, that, where burglary and larceny are charged in one count in the indictment, the whole being one transaction, when there is a general conviction on the count, there can be a sentence only for the highest offense; that is, burglary. In

3 Encyclopedia of Pleading and Practice (pages 793–795) the rule is stated as follows:

"The joinder in an indictment containing a count in burglary or house-breaking of one or more counts charging the commission of a larceny also is often availed of, and such practice is well settled. And, if the burglary and larceny relate to the same transaction, there may be a conviction for both offenses on a general verdict of guilty, and a sentence for both."

Since this matter has been under advisement I have been handed a recent opinion by Judge Pollock, sitting in the District Court for the District of Kansas. The decision was renderd on December 16, 1911, and probably not yet reported. In that case Charles Munson applied for a writ of habeas corpus against the warden of the penitentiary at Ft. Leavenworth, and the question involved was similar to that raised here. The petitioner was indicted under section 5478, quoted above, making the "breaking or attempting to break," etc., an offense, and also, in the second count, under section 5456. In the opinion Judge Pollock says:

"From the above quoted statutory provisions it will be seen the crime by section 5478 is not the common-law offense of burglary, for, if petitioner had made the attempt to break into the post office in question with the unlawful intent provided in the statute, he would have offended against the prohibition of the statute and might have been convicted thereunder, although the offense of burglary would not have in fact been committed. Again, petitioner might have been separately charged, tried, and convicted for the theft of the postage stamps under the latter provision of section 5456 (Jolly v. United States, 170 U. S. 402 [18 Sup. Ct. 624, 42 L. Ed. 1085]), or under section 5475 above quoted. Again, section 1024 of the Revised Statutes provides separate offenses may be jointly presented and tried under one indictment if they arise out of the same transaction or are connected therewith. Why, then, is it not competent for the lawmaking power to provide the statutory offense of forcibly breaking or attempting to break into a post office with the criminal intent of committing larceny or other depredation therein shall constitute a separate independent crime, and the theft or larceny of the property of the government from such building another independent offense, whether committed as a part of one and the same transaction, as in the case at bar, or at different and distinct times and places. On the question presented the authorities are in conflict. The precise question here presented was ruled in this circuit in Ex parte Peters [C. C.] 12 Fed. 461, upholding the power of Congress to declare the act of breaking into a building used as a post office, or the attempt to break therein with intent to commit larceny or other depredation therein, one complete and punishable offense, and the subsequent larceny of the property of the government therefrom as a separate and distinct offense, and a conviction for such offenses was therein upheld. On the contrary, in Halligan, Warden v. Wayne, 179 Fed. 112 [102 C. C. A. 410], the Circuit Court of Appeals for the Ninth Circuit ruled, while a defendant might be tried for the breaking into a post office building with the criminal intent or for the subsequent theft or larceny of property of the government therefrom, the offender could not be punished for both. It being there held the subsequent theft or larceny merged in the former offense. Whatever may have been the rule at the common law, where the crime of burglary and larceny, as those terms were defined at the common law, arose out of the same transaction as to the merger of the larceny in the offense of burglary, I am of the opinion it was competent for Congress to declare the act of breaking or attempting to break into a building used as a post office with intent to commit larceny therein a complete and punishable statutory crime, and that it was further competent for the lawmaking power to declare if after such breaking occurred, although a part of the same transaction, the offender should from

said building steal and carry away property of the government, that the latter act should constitute a separate independent statutory crime, and that both such statutory offenses may be charged in and punished under one indictment in separate counts, as was done in this case. As tending to support the conclusion here reached, see United States v. Williams [D. C.] 57 Fed. 201; United States v. Yennie et al. [D. C.] 74 Fed. 221; Sorenson v. United States, 168 Fed. 785 [94 C. C. A. 181]; State v. Barker, 64 Mo. 282. I am of the opinion the true rule is stated in Rapalje on Larceny and Kindred Offenses, § 351, p. 412, where it is said: 'A count for burglary and one for grand larceny may be joined in the same indictment. If one feloniously enter a house in the nighttime with intent to steal, he is guilty of burglary, though he does not accomplish the theft. If he accomplishes the theft, he is guilty of a further offense, and may be subject to be indicted and punished for both burglary and larceny, and may be charged with the two offenses separately or jointly in different counts in the same indictment. And a person charged and convicted of both offenses growing out of the same transaction is not entitled to be released on habeas corpus upon the ground that his sentence was illegal and void in whole or in part.' In reason, the foregoing text must be the true rule, for should it be held, whenever the larceny of goods followed as a part of one transaction the breaking into a building with intent to steal the larceny should merge into the burglary, there would be no inducement on the part of the offender to stop short of committing both the offense of burglary and larceny. The consideration of this case has involved alone the proposition presented by the petition in this case as above stated. There has been no attempt to consider or determine any other question in the case for that none other is presented."

My view of the matter, gathered from the authorities, is that if there is a charge of burglary and larceny in a single count in an indictment, and there be a general verdict of guilty on such count, the court can only impose one sentence, and cannot sentence for both; but if burglary be charged in one count in an indictment and larceny, even though committed on the same day, and even though committed at the time of the breaking and entering, be charged in another count and there is a verdict of guilty on both counts, and where either offense would be complete without the necessity of proving the other (certainly where it is not necessary to prove even an ingredient of the other), then there may be a separate sentence on each count. Applying this rule to the present case, it results that the sentence on the second count was rightfully imposed and is not illegal and void.

The question as to the sentence on the third count in the indictment need not now be considered, and will not be proper for consideration under habeas corpus until the sentences imposed on the first and second counts, with the allowance for good behavior, if any should be given, shall have expired.

[3] The question is submitted by counsel for petitioner here as to whether the refusal of a writ of certiorari by the Supreme Court of the United States in the Wayne Case, 218 U. S. 680, 31 Sup. Ct. 227, 54 L. Ed. 1207, does not amount to an affirmance of the decision of the Circuit Court of Appeals in that case. That can hardly be true under the rule adopted by the Supreme Court construing section 6 of the act of March 3, 1891 (26 Stat. at Large, 828 [U. S. Comp. St. 1901, p. 550]). The power to issue the writ of certiorari is entirely in the discretion of the court, and reference to a few decisions of the court clearly shows how that court regards its right and power under the statute.

In the case of Field v. United States, 205 U. S. 292, 27 Sup. Ct. 543, 51 L. Ed. 807, the Supreme Court held as follows:

"While under section 6 of the Court of Appeals act of 1891 (26 Stat. 828) a certiorari can only be issued when a writ of error cannot lie, it will not be issued merely because the writ of error will not lie; but only where the case is one of gravity, where there is conflict between decisions of state and federal courts, or between those of federal courts of different circuits, or something affecting the relations of this nation to foreign nations, or of general interest to the public."

In United States v. Rimer, 220 U. S. 547, 31 Sup. Ct. 596, 55 L. Ed. 578, decided May 15, 1911, the court held:

"When certiorari is granted on the basis that the decision below involved principles of far reaching effect and overthrew settled administrative construction, and it appears on the argument that the decision does not deal with such principles or have such effect, and that the action of the court below was not, either as to its character or importance, within the scope of the grant of power given by the judiciary act of 1891 to review by certiorari, the writ will be dismissed."

In the opinion in this case, Mr. Chief Justice White, delivering the opinion of the court, says:

"After giving the matter most careful consideration because of the precedent as to future cases which must arise from the action we take in this, we have concluded that, under the conditions which we have stated, our duty is not to pass upon the merits of the case, but to dismiss the writ of certiorari." 220 U. S. 548, 31 Sup. Ct. 597 (55 L. Ed. 578).

In the case of Forsyth v. Hammond, 166 U. S. 506, 17 Sup. Ct. 665, 41 L. Ed. 1095, the Supreme Court held:

"Under the judiciary act of March 3, 1891 (chapter 517), the power of this court in certiorari extends to every case pending in the Circuit Courts of Appeals, and may be exercised at any time during such pendency, provided the case is one which, but for this provision of the statute, would be finally determined in that court. While this power is coextensive with all possible necessities, and sufficient to secure to this court a final control over the litigation in all the courts of appeal, it is a power which will be sparingly exercised, and, only when the circumstances of the case satisfy this court that the importance of the question involved, the necessity of avoiding conflict between two or more courts of appeal, or between courts of appeal and the courts of a state, or some matter affecting the interests of the nation, in its internal or external relations, demands such exercise."

To the same effect, see In re Woods, 143 U. S. 202, 12 Sup. Ct. 417, 36 L. Ed. 125; American Construction Co. v. Jacksonville, Tampa & Key West Ry. Co., 148 U. S. 372, 13 Sup. Ct. 158, 37 L. Ed. 486.

In United States v. Rimer, supra, in which the Supreme Court, having granted the writ, thereafter dismissed it because the case "neither from its character nor importance was within the scope of the grant of power to review by certiorari," the court in concluding the opinion states:

"Under the conditions which we have stated, our duty is not to pass upon the merits of the case, but to dismiss the writ of certiorari."

These decisions seem to show clearly that the denial of the writ of certiorari does not necessarily mean the affirmance of the judg-

ment of the court below.   It simply indicates that it is not a case which in the opinion of the Supreme Court is of such importance as to justify the allowance of the writ and a full hearing on the case submitted.

By consent this matter has been heard on application for the issuance of the writ of habeas corpus, and the court, being of the opinion that, if the writ issue, no relief could be granted thereunder, the proper course is to deny the writ (Ex parte Terry, 128 U. S. 289, 9 Sup. Ct. 77, 32 L. Ed. 405), it is therefore ordered that the application for writ of habeas corpus be, and the same is hereby, denied.