## Ex parte FARLOW.

(District Court, N. D. Georgia.   May 5, 1921.)

1. **Criminal law ⟨⟩1216(2)—On plea of guilty to indictment charging separate offenses, sentence of successive terms of imprisonment on different counts proper.**

Where, on an indictment charging, in three counts, conspiracy to break into a post office, breaking with intent to steal, and stealing and purloining therefrom property of the United States, accused, "being informed of the charges [plural] in the indictment, says for his plea that he is guilty thereof * * * as charged," sentences of terms of five years each on the second and third counts, to run successively, judgment being suspended on the first count, was proper as against the objection that, five years being the maximum punishment on either count, the court was without power to sentence on the other count, as both involved the same transaction.

2. **Criminal law ⟨⟩273, 980(1)—General plea means guilty as charged; sentence to be imposed on plea of guilty to indictment containing several counts stated.**

A general plea, like a general verdict of guilty, means guilty as charged .in the indictment; if there be several counts but they appear to charge the same offense, variously stated to prevent variance from the evidence, there will be but one sentence; if the counts charge different degrees of the same offense, the highest degree alone will be regarded in imposing sentence; but if the counts really charge separate offenses, though connected together, and therefore capable of joinder under Rev. St. 1024 (Comp. St. § 1690), sentence may be imposed for both, for such was the legislative intent in creating them separate offenses.

Application by Jerry W. Farlow for habeas corpus.   Writ denied.

Sims & Howard, of Atlanta, Ga., for petitioner.
Hooper Alexander, U. S. Atty., of Atlanta, Ga.

SIBLEY, District Judge.   [1] The record shows that upon an indictment charging in three separate counts (1) conspiracy to break into a post office;  (2) breaking the same with intent to steal; and (3) stealing and purloining therefrom property of the United States, the applicant for habeas corpus writ was arraigned in court, and, "being informed of the charges [plural] in the indictment, says for his plea that he is guilty thereof in manner and form as charged in the indictment.   He was sentenced to terms of five years each on the second and third counts, to run successively; judgment being suspended on the first count.   Having served five years, release is sought on the ground that, five years being the maximum punishment on either count, the court was without power to sentence also on the other count, both involving the same transaction.

The exact question was elaborately dealt with in this court in the case of Anderson v. Moyer (D. C.) 193 Fed. 499, and a conclusion reached adverse to the contention of applicant.   Though a contrary opinion was pronounced in Munson v. McClaughry, 198 Fed. 72, 117

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

C. C. A. 180, 42 L. R. A. (N. S.) 302, and Stevens v. McClaughry, 207 Fed. 18, 125 C. C. A. 102, 51 L. R. A. (N. S.) 390, the conflict was put at rest by the Supreme Court in Morgan v. Devine, 237 U. S. 632, 35 Sup. Ct. 712, 59 L. Ed. 1153, where the conclusion of the first case cited was sustained. See, also, the recent decision of the Circuit Court of Appeals of the Fifth Circuit, in Moorehead et al. v. United States, 270 Fed. 210.

[2] A general plea, like a general verdict of guilty, means guilty as charged in the indictment. If there be several counts, but they appear to charge the same offense variously stated to prevent variance from the evidence, there will, of course, be but one sentence. If the counts charge different degrees of the same offense, the highest degree alone will be regarded in making sentence (Bulloch v. State, 10 Ga. 47, 54 Am. Dec. 369); but if the counts really charge separate offenses, though connected together and so capable of joinder under R. S. § 1024 (Comp. St. § 1690), sentence may be imposed for both, for such was the legislative intent in creating them separate offenses. This record really makes clear the intent of the accused to plead guilty to more than one charge.

The writ is denied.