**SCHULTZ v. BIDDLE, Warden of the United States Penitentiary at Leavenworth, Kan.**

Circuit Court of Appeals, Eighth Circuit. April 28, 1927.

No. 7393.

1. **Criminal law ☞196—Sentence under count charging robbing persons of mail by putting lives in jeopardy held authorized, after sentence for assault on persons in custody thereof (Criminal Code, § 197 [Comp. St. § 10367]).**

Sentence under count of indictment under Criminal Code, § 197 (Comp. St. § 10367), of 25 years for robbing persons of mail matter and putting their lives in jeopardy by use of guns and pistols in effecting robbery, after sentence under count for assault on persons in custody of mail, made with intent to rob them thereof, *held* authorized, in that evidence to sustain offense charged in latter count would be utterly insufficient to sustain other offense of robbery by putting lives of custodians in jeopardy.

2. **Criminal law ☞200(1)—Each of several distinct and separate acts, though comprised in single transaction, is punishable separately if involving distinctive element.**

When Congress has prohibited each of several distinct and separate acts, each of such acts, although comprising a single transaction, inspired by same criminal intent, is punishable as a separate and distinct offense, if each of such offenses involves a distinctive element not involved in the others.

3. **Habeas corpus ☞97—Contention that offenses charged in different counts were same as that on which concurrent sentence was imposed held immaterial.**

Contention that offenses charged in different counts of indictment constituted same offense as that on which concurrent sentence was imposed *held* immaterial in habeas corpus proceedings, since defendant was not entitled to release in any event until serving period of such concurrent sentence.

4. **Habeas corpus ☞97—Question of court's jurisdiction to impose sentence for different offense held irrelevant, where sentence lawfully imposed had not expired (Criminal Code, §§ 37, 197 [Comp. St. §§ 10201, 10367]).**

In habeas corpus proceedings to secure release from penitentiary, question relative to court's jurisdiction to render sentence for certain violations of Criminal Code, § 37 (Comp. St. § 10201), *held* irrelevant when sentence lawfully imposed under section 197 (section 10367) had not expired, since, even though sentence under section 37 was beyond court's jurisdiction, petitioner would not be entitled to discharge.

Appeal from the District Court of the United States for the District of Kansas.

Habeas corpus by Charles Schultz, alias Saginaw, against W. I. Biddle, Warden of the United States Penitentiary at Leavenworth, Kan. From an order denying the petition, petitioner appeals. Affirmed.

Charles A. Houts, of St. Louis, Mo., for appellant.

Al. F. Williams, U. S. Atty., Alton H. Skinner, and Frank H. McFarland, Asst. U. S. Attys., all of Topeka, for appellee.

Before BOOTH, Circuit Judge, and KENNAMER, District Judge.

BOOTH, Circuit Judge. This is an appeal from an order denying and dismissing a petition for a writ of habeas corpus.

Hearing on the petition and the exhibits attached thereto, also on the motion to dismiss the same, was had before Hon. Walter H. Sanborn, Senior Judge of this court. The petition was denied, and the motion to dismiss the same granted.

The facts disclosed by the petition and the exhibits, the reasons for denying the petition and for granting the motion to dismiss the same, are all set forth in an opinion by Judge Sanborn, filed with his order.

The assignment of errors has been examined by us in connection with the record. We think all of the questions raised which had merit were passed upon correctly by Judge Sanborn in the opinion referred to, which is as follows:

"Before SANBORN, United States Circuit Judge.

"Upon the presentation of the petition of Charles Schultz to the Circuit Judge for a writ of habeas corpus and for his discharge from confinement in the penitentiary at Leavenworth, Kan., the judge issued an order on W. I. Biddle, warden of the penitentiary, to show cause if any he had why the prayer of the petition should not be granted, the warden by the United States attorney and his assistant responded to the order with a motion to dismiss the petition for various reasons stated therein, and the respective parties prepared and submitted briefs upon the questions at issue.

"By the petition, the exhibits thereto, the evidence presented, and the motions of the respective parties, these facts are established:

"The petitioner was indicted, arraigned, and on December 14, 1921, pleaded guilty in the United States District Court for the Northern District of Ohio to the charges in ten counts of an indictment against him, found and returned in that court, and the court on that day sentenced him to imprisonment in the federal penitentiary at Leavenworth for a period of one year upon the first count, that he be further imprisoned for a period of twenty-five years upon each of the second, third, fourth, fifth, sixth, seventh, eighth, ninth and tenth counts of that indictment, and that the sentences on these counts be served concurrently after the expiration of the sentence under the first count. Under this sentence the petitioner was duly committed to the penitentiary and there confined.

"The indictment charged violations by the petitioner of section 197 of the Criminal Code (U. S. Compiled Statutes, § 10367), which declares that:

" 'Whoever shall assault any person having lawful charge, control, or custody of any mail matter, with intent to rob, steal, or purloin such mail matter or any part thereof, or shall rob any such person of such mail or any part thereof, shall, for a first offense, be imprisoned not more than ten years; and if in effecting or attempting to effect such robbery, he shall wound the person having custody of the mail, or put his life in jeopardy by the use of a dangerous weapon, or for a subsequent offense, shall be imprisoned twenty-five years.'

"The first count of the indictment charged that the defendant on February 17, 1921, in the night, did, knowingly and feloniously assault one Joseph Hughes and one Paul Weinrich, who were then known to him to be and were in lawful custody of mail matter, designed and intended to be delivered by them to the main post office in Toledo, with the intent to rob such mail matter. The second count of the indictment charged that the defendant at the same time and place did, knowingly and feloniously, rob Joseph Hughes and Paul Weinrich, who were then in lawful custody of mail matter, to wit, a registered mail pouch fastened and secured by rotary lock R 6978—440, with the mail matter inclosed therein, which were then being conveyed by the Post Office Department from Detroit, Mich., to Toledo, Ohio, and did knowingly and feloniously take from Hughes and Weinrich and carry away without their consent the mail pouch and the mail matter therein by putting them in fear, and in effecting this robbery did put in jeopardy the lives of Hughes and Weinrich by the use of shotguns and pistols. The following eight counts of the indictment differ from this second count only in the fact that the registered mail pouch described in each of them is identified by a rotary lock bearing a letter and numbers different from those specified in any of the other counts in the indictment.

"So it appears that the defendant was charged in the first count of the indictment with and was sentenced thereon to imprisonment for one year under section 197 of the Criminal Code for an assault on persons in custody of mail matter with intent to rob them thereof; and that in each of the following nine counts of the indictment he was charged with and that he was sentenced on each of them under section 197 of the Criminal Code to imprisonment for twenty-five years, these terms to run concurrently, for robbing persons in lawful custody of mail matter thereof and putting their lives in jeopardy by the use of shotguns and pistols in effecting the robbery.

"The petitioner has been confined in the

penitentiary serving these sentences three or four years and his claim is that he had served his sentence of one year under the first count of the indictment and that the court below was without jurisdiction to impose any of the sentences for twenty-five years under the other counts of the indictment, because the counts of the indictment on which the sentences for twenty-five years are based charged the same offense committed at the same time and inspired by the same criminal intent as the offense charged in the first count of the indictment.

[1] "But the offense charged in the first count of the indictment was an assault with intent to rob the custodians of the mail while that charged in the following counts was the robbery of such custodians and the putting their lives in jeopardy by the use of guns and pistols in effecting that robbery. The Congress imposed a penalty of imprisonment for not more than ten years for this assault with intent to rob and a penalty of imprisonment for twenty-five years for this robbery and the putting the lives of the custodians in jeopardy in effecting it. The evidence which would sustain the offense charged in the first count of the indictment, the assault with intent to rob, would be utterly insufficient to sustain the offense of robbery by putting the lives of the custodians in jeopardy, and the trial court had plenary jurisdiction to sentence the petitioner to imprisonment for twenty-five years for the offense charged in the second count of the indictment.

[2] "When Congress has prohibited each of several distinct and separate acts, as in this case an assault with intent to rob and a robbery by putting the lives of the victims in jeopardy by the use of dangerous weapons, each of such acts, although comprised in a single transaction, inspired by the same criminal intent, is punishable as a separate and distinct offense if each of such offenses involves a distinctive element not involved in the others. Morgan v. Devine, 237 U. S. 632, 636, 638, 639, 35 S. Ct. 712, 59 L. Ed. 1153; Ebeling v. Morgan, 237 U. S. 625, 629, 631, 35 S. Ct. 710, 59 L. Ed. 1151; Carter v. McClaughry, 183 U. S. 365, 394, 395, 22 S. Ct. 181, 46 L. Ed. 236; Burton v. United States, 202 U. S. 344, 377, 26 S. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 362; Gavieres v. United States, 220 U. S. 338, 31 S. Ct. 421, 55 L. Ed. 489; Ex parte Farlow (D. C.) 272 F. 910, Anderson v. Moyer (D. C.) 193 F. 499; Morgan v. Sylvester (C. C. A.) 231 F. 886, 888; Morris v. United States (C. C. A.) 229 F. 516; Massey v. United States (C. C. A.) 281 F. 293; Reynolds v. United States (C. C. A.) 280 F. 1; United States v. Hampden (D. C.) 294 F. 345, 347.

[3] "The contention of the petitioner that the offense charged in the third, fourth, fifth, sixth, seventh, eighth, ninth, and tenth counts of this indictment, which counts differ from the second count only because the mail bags described therein were other than that described in the second count constitutes the same offense charged in the second count, and that the court was therefore without jurisdiction to sentence on more than one of these counts, suggests a question not now material, because there is no doubt that the court had jurisdiction to sentence the petitioner to imprisonment for twenty-five years on the second count. He is not entitled to release until he has served those twenty-five years; he has not yet done so and the sentences on the other counts specified run concurrently with that on the second count.

[4] "Nor is it relevant to the only question presented by the present application, the question whether or not the petitioner is now being deprived of his liberty under the sentence of a court that had no jurisdiction to render it, that the court which rendered the sentence for violations of section 197 of the Criminal Code, that have been considered, on the same day on which it rendered that sentence, after a trial and a conviction of the defendant by a jury on the first, second, third, fourth, fifth, eighth, and tenth counts of an indictment of him for conspiring with others to commit offenses against the United States in violation of section 37 of the Criminal Code (section 10201, U. S. Compiled Statutes), sentenced him to be imprisoned in the penitentiary at Leavenworth for a period of two years upon each of the counts above specified, that the sentences thus imposed should be served consecutively, and that the sentence under the first count should commence to be served at the expiration of the sentence imposed upon him for his violation of section 197 of the Criminal Code. Even if, as the petitioner claims, the sentence under section 37 was beyond the jurisdiction of the court, he is not now entitled to his discharge, because he is held under a sentence for a violation of section 197, which the court had complete jurisdiction to render.

"The petition for the writ of habeas corpus and for the discharge of the petitioner must therefore be and it is dismissed and his petition is denied for the reasons above stated. The motions of counsel for the respondent to dismiss the petition for other reasons specified by them are denied."

That opinion is adopted as the opinion of

this court. To the authorities cited may be added Albrecht v. United States, 273 U. S. 1, 47 S. Ct. 250, 71 L. Ed. ——.

The order appealed from is affirmed.