**COLSON v. ADERHOLD, Warden.**

No. 579.

District Court, N. D. Georgia.

Nov. 15, 1933.

James Colson, in pro per.

Clint W. Hager, U. S. Atty., of Atlanta, Ga., for respondent.

UNDERWOOD, District Judge.

Petitioner was convicted on an indictment of eleven counts, all charging violation of section 320, title 18, United States Code (18 USCA § 320).

The first count charges assault upon two postal employees with intent to rob. The remaining counts charge that petitioner robbed custodians of the mail of certain mail pouches, putting their lives in jeopardy by the use of dangerous weapons; each count alleging the taking of a separate and distinct mail bag.

A sentence of twenty-five years' imprisonment was imposed on the second count of the indictment and was to be served first; a sentence of ten years on the first count, to run consecutively to the sentence on the second count; and a sentence of twenty-five years upon each of counts three to eleven, inclusive—all of which were to be served concurrently with each other and with the ten-year sentence on count 1 and to commence at the termination of the twenty-five year sentence on the second count, making a total of fifty years.

Although in one part of the judgment imposing the sentences it is expressly and clearly provided that they shall run as above stated, at the end thereof it provides: "That the sentence imposed herein, on the first, second,

third, fourth, fifth, sixth, seventh, eighth, ninth, tenth and eleventh counts respectively be served concurrently and commence at the termination of the twenty-five year sentence on the second count of the indictment herein, said total sentence being fifty years."

It is clear, however, that the inclusion of the second count in the above-quoted provision relating to the concurrent running of the sentences was a clerical error and that the court intended that the total term to be served was fifty years, and that it should be served in the manner previously stated; that is, that the sentence of twenty-five years on the second count be served first and thereafter the sentences on the other counts, which latter sentences would run concurrently with each other and consecutively to count two.

■ Where a judgment, considered as a whole, clearly indicates the intention of the judge and there are express and unambiguous words setting out such intention, as is true in this case, the judgment will not be held to be void for vagueness or ambiguity because of a clerical error in one part thereof, but the reasonable and natural implication from the whole entry will be given effect.

■ "Sentences in criminal cases should reveal with fair certainty the intent of the court and exclude any serious misapprehensions by those who must execute them. The elimination of every possible doubt cannot be demanded." United States v. Daugherty, 269 U. S. 360, 363, 46 S. Ct. 156, 157, 70 L. Ed. 309.

The judgment of the court, therefore, is construed to impose sentences aggregating fifty years.

■ Petitioner, however, contends that the offense charged in the first count was, as the lesser offense, merged into the greater offense charged in the second count, and that consecutive sentences on the two counts amounted to double jeopardy.

A similar question was raised in the case of Schultz v. Biddle, 19 F.(2d) 478, 480, but was decided adversely to petitioner's contention by the Circuit Court of Appeals for the Eighth Circuit. In the Schultz Case an indictment like the one in the case at bar was before the court; and they said:

"But the offense charged in the first count of the indictment was an assault with intent to rob the custodians of the mail while that charged in the following counts was the robbery of such custodians and the putting their lives in jeopardy by the use of guns and pistols in effecting that robbery. * * *

"When Congress has prohibited each of several distinct and separate acts, as in this case an assault with intent to rob and a robbery by putting the lives of the victims in jeopardy by the use of dangerous weapons, each of such acts, although comprised in a single transaction, inspired by the same criminal intent, is punishable as a separate and distinct offense if each of such offenses involves a distinctive element not involved in the others. Morgan v. Devine, 237 U. S. 632, 636, 638, 639, 35 S. Ct. 712, 59 L. Ed. 1153; Ebeling v. Morgan, 237 U. S. 625, 629, 631, 35 S. Ct. 710, 59 L. Ed. 1151; Carter v. McClaughry, 183 U. S. 365, 394, 395, 22 S. Ct. 181, 46 L. Ed. 236; Burton v. United States, 202 U. S. 344, 377, 26 S. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 362; Gavieres v. United States, 220 U. S. 338, 31 S. Ct. 421, 55 L. Ed. 489; Ex parte Farlow (D. C.) 272 F. 910; Anderson v. Moyer (D. C.) 193 F. 499; Morgan v. Sylvester (C. C. A.) 231 F. 886, 888; Morris v. United States (C. C. A.) 229 F. 516; Massey v. United States (C. C. A.) 281 F. 293; Reynolds v. United States (C. C. A.) 280 F. 1; United States v. Hampden (D. C.) 294 F. 345, 347."

Upon the above authorities, and Albrecht v. United States, 273 U. S. 1, 47 S. Ct. 250, 71 L. Ed. 505, it is held that the first and second counts of the indictment in this case charge separate and distinct offenses and authorize the sentences of ten years on the first count and twenty-five years on the second count, making an aggregate sentence of thirty-five years on these two counts.

■ Petitioner further contends, however, that the offenses charged in the third, fourth, fifth, sixth, seventh, eighth, ninth, tenth, and eleventh counts of this indictment, which differ from the second count only in that the mail bags described therein were different from the one described in the second count, constitute the same offense as that charged in the second count, and that the court therefore was without jurisdiction to sentence on more than one of the counts numbered 2 to 11, inclusive.

This same contention was made in the Schultz Case, supra; but the court there said that this question is "not now material, because there is no doubt that the court had jurisdiction to sentence the petitioner to imprisonment for twenty-five years on the second count. He is not entitled to release until he has served those twenty-five years; he

has not yet done so and the sentences on the other counts specified run concurrently with that on the second count."

The question seems never to have been decided by any court. At least no decision has been cited by either side, and I have found none.

The statute (18 USCA § 320) on which the indictment is based provides: "Whoever shall assault any person having lawful charge, control, or custody of any mail matter, with intent to rob, steal, or purloin such mail matter or any part thereof, or shall rob any such person of such mail or any part thereof, shall, for a first offense, be imprisoned not more than ten years; and if in effecting or attempting to effect such robbery, he shall wound the person having custody of the mail, or put his life in jeopardy by the use of a dangerous weapon, or for a subsequent offense, shall be imprisoned twenty-five years."

The question here presented is: Whether the words "shall rob any such person of such mail or any part thereof" are to be so construed as to create one crime, or in such manner that the prosecutor may carve out of a single transaction as many separate crimes as there may happen to be separate pieces of mail?

To put the question concretely: Would one who robbed, in the manner described, a person having custody of mail consisting of only ten letters, be guilty of one crime and subject to one penalty of twenty-five years' imprisonment, or would he be guilty of ten crimes carrying penalties of two hundred and fifty years?

It is not here a question of legislative power to create multiple offenses, but only the question whether it was the intention of Congress to do so.

I think a fair and reasonable construction of these words will lead to the conclusion that Congress intended to create only one crime, robbery of the mail, which single crime is consummated by robbing the custodian "of such mail," that is all of it, or "any part thereof," that is any part thereof less than the whole, the individual pieces of mail being merely component elements of that "part," regardless of their number; and that Congress did not intend that the mail might be divided up, for the purpose of prosecuting an offender, into as many parts as there might be individual pieces and the robbery of each piece be made a separate offense punishable by the extremely heavy penalty of twenty-five years' imprisonment.

The language used in the statute, which differs from that of section 194 of the Criminal Code (18 USCA § 317), not only does not demand such construction, but makes it highly improbable that Congress had any such intention. Where Congress intended, section 194 of the Criminal Code, that the taking of each piece of mail should constitute a separate offense, it took care to enumerate the particular articles, the theft of which would constitute a crime, and provided that "whoever shall steal * * * any letter, postal card, package, bag, or mail, or shall abstract or remove from any such letter, package, bag, or mail, any article or thing contained therein" should be subject to fine and imprisonment, and did not merely refer to each piece of mail as a "part" of the mail. Because of this difference in the phraseology of the two sections, the ruling of the Circuit Court of Appeals for the Fifth Circuit in the case of Poffenbarger v. Aderhold, Warden, 67 F.(2d) 250, decided October 25, 1933, and other cases holding similarly, are not in point in this case.

Penal statutes are to be construed strictly, and "statutes will not be read to create crimes, or new degrees or classes of crime, unless the purpose so to do is plain." United States v. Noveck, 271 U. S. 201, 204, 46 S. Ct. 476, 477, 70 L. Ed. 904. A law creating a crime ought to be explicit and any "ambiguity and uncertainty about the meaning of a criminal statute ought to be resolved by a strict interpretation in favor of the liberty of the citizen" (Ex parte Webb, 225 U. S. 663, 689, 32 S. Ct. 769, 779, 56 L. Ed. 1248), and "general terms should be so limited in their application as not to lead to injustice, oppression, or an absurd consequence" (United States v. Kirby, 7 Wall. 482, 486, 19 L. Ed. 278).

From the foregoing it appears that the offenses charged in counts 3 to 11, inclusive, are the same as that charged in count 2, to which they are made to run consecutively, and that punishment on them in addition to that imposed under the sentence on count 2 would be double jeopardy and void.

I conclude, therefore, that only the sentences on counts 1 and 2 of the indictment in this case are valid and that those imposed on counts 3 to 11, inclusive, are invalid. Bertsch v. Snook (C. C. A. 5th) 36 F.(2d) 155.

Whereupon it is considered, ordered, and adjudged that the sentence of ten years on count 1 and the sentence of twenty-five years on count 2, aggregating thirty-five years, are legal and valid, and that the sentences on counts 3 to 11, inclusive, are void; that respondent amend his records accordingly; and that petitioner be remanded to the custody of respondent and be held under said sentences on counts 1 and 2, aggregating thirty-five years, subject to the benefits of parole and good behavior time, and be discharged when he has served the same in accordance with the law.