Per Curiam.

Section 6, Article IV of the Ohio Constitution, provides that judgments of the Courts of Appeals of this state shall serve as the ultimate and final adjudication of all cases except those involving constitutional questions, conflict cases, felony eases, cases in which the Court of Appeals has original jurisdiction, and cases of public or great general interest. Except in these special circumstances, it is abundantly clear that in this jurisdiction a party to litigation has a right to but one *254 appellate review of his cause. (See, also, Section 2505.29, Revised Code.)
Section 2, Article IV of the Constitution, provides in part:
“ * * # In cases of public or great general interest .the Supreme Court may * * * direct any Court of Appeals to certify its record to the Supreme Court, and may review, and affirm, modify or reverse the judgment of the Court of Appeals * *
If a party believes his cause to be one of public or great general interest, he may seek leave of this court to hear his cause by filing with the clerk a motion to certify the record. (See Rule VIII of the Rules of Practice of the Supreme Court of Ohio.) It follows, of course, that the sole issue for determination at the hearing upon such motion is whether the cause presents a question or questions of public or great general interest as distinguished from questions of interest primarily to the parties. Whether the question or questions argued are in fact ones of public or great general interest rests within the discretion of the court. In the event this court determines that the cause presents a question of that character, the motion to certify will be allowed, and the cause will be docketed for a subsequent hearing on the merits.
Such motion-to-certify procedure is quite analogous to the petition for writ of certiorari in the United States Supreme Court. It is interesting to note that, in those instances in which that court discovers that a writ of certiorari has been improvidently granted, the writ will be dismissed. The point of dismissal may be at any time after such discovery even after full argument on the merits has been heard. Down through the years many writs of certiorari have been dismissed for such reasons. Examples of such cases include Davis, Agent, v. Currie, 266 U. S., 182, 69 L. Ed., 234, 45 S. Ct., 88; Furness, Withy & Co., Ltd., v. Yang-Tsze Ins. Assn., 242 U. S., 430, 61 L. Ed., 409, 37 S. Ct., 141; United States v. Rimer, 220 U. S., 547, 55 L. Ed., 578, 31 S. Ct., 596; Rice v. Sioux City Memorial Park Cemetery, Inc., 349 U. S., 70, 99 L. Ed., 897, 75 S. Ct., 614.
The syllabus of the United States Supreme Court in the Furness case, supra, follows:
“Petitions for writs of certiorari are at the risk of the parties making them, and whenever in the progress of the cause *255 facts develop which if disclosed on the application would have induced a refusal, the court may upon motion by a party or ex mero motu dismiss the writ.
“Such petitions should be carefully prepared, contain appropriate references to the record, and present with studied accuracy, brevity and clearness whatever is essential to ready and adequate understanding of points requiring the court’s attention.
“When the real situation is not set forth by the petition, a duty rests on opposing counsel to reveal it in their reply.”
Also, in the Rice case, supra, the court had this to say concerning the many instances of dismissal on the ground of improvident allowance: *
‘ ‘ Only in the light of argument on the merits did it become clear in these numerous cases that the petitions for certiorari should not have been granted. * * * in a number [of instances], it became manifest that the question was of importance merely to the litigants and did not present an issue of immediate public significance. ’ ’
Mr. Justice McReynolds, in 1924, in the ease of Southern Power Co. v. North Carolina Public Service Co., 263 U. S., 508, 68 L. Ed., 413, 44 S. Ct., 164, gave these reasons for the dismissal of the writ.
“This writ must be dismissed. The petition therefor stated that the cause involved a grave question of vital importance to the public, and alleged as special reason for its re-examination that the decree would deprive petitioner of property without due process of law * # *.
“The argument developed that the controverted question was whether the evidence sufficed to establish actual dedication of petitioner’s property to public use — primarily a question of fact. That is not the ground upon which we granted the petition and if sufficiently developed would not have moved us thereto-.
“Heretofore we have pointed out the necessity for clear, definite and complete disclosures concerning the controversy when applying for certiorari. * * *
“Obviously it is impossible for us critically to examine so many records before ruling upon applications and we must rely very largely upon preliminary papers. Unless the requirements *256 specified in Furness, Withy & Co. v. Yang-Tsze Insurance Association are observed we cannot hope properly to dispose of an increasing docket.”.
And in the syllabus of the case of Davis v. Currie, supra, the Supreme Court said:
“A writ of certiorari will be dismissed if the case as relied upon by the petitioner in argument is not the case as presented in the petition for the writ. ’ ’
Similarly, in the case at bar, appellant Rubich presented a case in argument supporting his motion to certify which is different from the case he presented in argument on the merits of the cause.
Although the history of this cause is involved, it essentially concerns the question of whether a lower court’s refusal to certify a maker on a cognovit note as surety upon such note is res judicata so as to bar such maker from later claiming a surety-ship status in an equitable action subsequently instituted in another court. On original review, the Court of Appeals held that such a determination did not render the issue of suretyship res judicata. When appellant presented that issue to this court on a motion to certify we refused to allow the motion. In a subsequent trial-court proceeding on the same cause, pursuant to remand by the Court of Appeals by virtue of our refusal to hear the cause, a trial judge heard the question of suretyship on the merits, notwithstanding that appellant’s attorneys < allegedly had received notice that the case was to be heard by the trial judge ‘ ‘ on motion. ’ ’ The appellant again appealed to the Court of Appeals which affirmed. Appellant then filed a second motion to certify in this court, again alleging error solely upon the ground of res judicata. However, and this is the disturbing feature of appellant’s procedure, in the oral argument and in the arguments presented in the brief in support of the motion to certify, the only question discussed by appellant was one of violation of due process of law., That argument was grounded upon the alleged misconduct of the trial judge in hearing the case on the merits without fair notice to appellant’s attorneys. This court considered the question argued on the motion to be one of public and great general interest and therefore allowed the motion to certify.
*257 However, when the canse subsequently came to be heard on its merits, the question of the trial judge’s conduct and the issue of denial of due process were not even incidentally referred to by the parties. The briefs on the merits and the arguments on the merits extensively discussed the issue of res judicata.
We now set out a comparative synopsis of the assignments of error, the questions of law, and the legal arguments contained in the brief submitted on the motion to certify and those contained in the subsequent brief submitted on the merits to this court by appellant. Such a comparison clearly illustrates the distinct lack of resemblance in the case appellant argued on motion and the case appellant argued on the merits.
Motion brief
(A) Assignments of error:
1. Appellant denied due process of law.
2. Trial judge erred in requiring appellant to go forward on merits when case was only assigned to be heard “on motion. ’ ’
3. Error in allowing plaintiff to sue in Mahoning County court more than a year subsequent to determination by Columbiana County court.
4. Error of Court of Appeals in refusing to permit affidavits of attorneys in support of diminution of the record before Mahoning County court judge. (Judge Jenkins.)
Merit brief
(A) Assignments of error:
1. Error of Court of Appeals in affirming Court of Common Pleas which held that issues between parties were not res judicata.
2. Error in not entering judgment for appellant on evidence and record.
3. Judgment of Court of Appeals contrary to law and not supported by any evidence that plaintiff was a surety.
4. Error of Court of Appeals in refusing to hold that plaintiff, was estopped from claiming the status of surety.
*258 Motion brief
(B) Questions of law presented :
1. lias appellant been denied due process because he had no notice cause was to be heard on merits?
2. Did Common Pleas Court abuse its discretion in requiring cause to be heard on the merits?
3. Did Court of Common Pleas abuse its discretion in hearing case on merits without notice to parties?
4. Court of Appeals should have permitted affidavits of attorneys.
(C) Arguments:
Sole argument presented was one of alleged violation of due process of law.
Merit brief
5. Error of Court of Appeals in refusing to hold plaintiff guilty of laches.
6. Error of Court of Appeals in affirming finding of common pleas judge that issue of res judicata was not before him.
(B) Questions of law presented :
1. Can a party relitigate the determination that he is not a surety after that question has been decided in a certification proceeding or is it res judicatat
(C) Arguments:
1. Judgment of Common Pleas Court of Columbiana County rendered issue of suretyship res judicata.
2. Plaintiff estopped to claim suretyship because of her prior claim of forgery.
3. There was no evidence to support a finding that plaintiff was a surety on the note.
*259 It may be suggested, at this point, the case having progressed to this stage of consideration and the court’s time and effort already having been extensively expended on the same, that this court should proceed to a judgment and determine this controversy upon the issue which appellant considers to be one of great public importance and which appellant has successfully persisted in presenting to this court in argument on the merits. To follow such an easy course, however, would be inconsistent with a system of judicial review which strives for fairness, order, and, above all, equal application.
Mr. Chief Justice Taft, speaking for a unanimous United States Supreme Court, stated our view succinctly:
“If it be suggested that as much effort and time as we have given to the consideration of the alleged conflict would have enabled us to dispose of the case before us on the merits, the answer is that it is very important that we be consistent in not granting the writ of certiorari except in cases involving principles the settlement of which is of importance to the public as distinguished from that of the parties * * Layne & Bowler Corp. v. Western Well Works, Inc., 261 U. S., 387, 393, 67 L. Ed., 712, 43 S. Ct., 422.
We conclude that, where a case presented on the merits is not the same case as presented on motion to certify, the appeal may be dismissed as being in this court on a motion improvidently allowed.
The motion to certify the record of this cause having been improvidently allowed, the order to certify the record is hereby vacated and the appeal is dismissed.

Order vacated and appeal dismissed.

Weygandt, C. J., Zimmerman, Taet, Matthias, Butt., Herbert and Peck, JJ., concur.