# Staunton.

VIRGINIA AND KENTUCKY RAILWAY CO. V. HENINGER.

110 301
f110 126

September 9, 1909.

1. CONTRACTS—*Ambiguous Language—Practical Construction.*—Where the language of a contract is ambiguous, the practical construction placed upon it by the parties is entitled to great consideration, especially when the data for any other construction is not at hand and cannot be procured.

2. APPEAL AND ERROR—*Commissioner's Report—Exceptions.*—Objections to the report of a commissioner in chancery, on account of errors not apparent on its face, cannot be made for the first time in the appellate court.

3. APPEAL AND ERROR—*Commissioner's Report—Conflict of Evidence.* Where the evidence is conflicting, the findings of a commissioner in chancery on a question of fact approved by the trial court, will not be disturbed on appeal unless they are clearly wrong.

4. CONTRACTS—*Performance—Acceptance of Work.*—Although work is not completed in all respects according to contract, objection cannot be made on that account if the work was accepted as in fulfillment of the contract.

5. CONTRACTS—*Time of Performance—Extension.*—Changes made as to work to be done after a contract is entered into, which require more work, entitle the contractor to more time in which to do it.

Appeal from a decree of the Circuit Court of Wise county. Decree for the complainant. Defendant appeals.

*Affirmed.*

One of the questions which arose in the case was as to the amount of material removed and its proper classification, and as the testimony of the engineers introduced by plaintiff and defendant was conflicting, both as to yardage and classification, the case on this point was referred to J. P. Wolfe and Malcolm Smith (who are engineers), commissioners, who filed their report, to which there were exceptions.

*Bond & Bruce* and *Vicars & Perry,* for the appellant.

*Ayers & Fulton* and *Wm. H. Werth,* for the appellees.

Buchanan, J., delivered the opinion of the court.

The appellant entered into a contract with the appellee for the grading of a short line of railroad in Wise county. One of the provisions of that contract is as follows:

"The Virginia and Kentucky Railway Company binds itself to pay said Heninger for the work mentioned above as follows: For all earth moved 18 cents per cubic yard; for all loose stone removed 36 cents per cubic yard; and for all solid stone removed 68 cents per cubic yard. The measurement of all stone and earth removed under this contract is to be made in the fills and borrow pits from which same is removed."

The first error assigned is to the construction placed by the trial court upon the last sentence of the language quoted.

The appellant insists that the quantity of earth and stone removed was to be ascertained by measurement in the borrow pits and cuts, and that the word "fills" was used by the mistake of the scrivener instead of the word "cuts." The appellee, on the other hand, contends that the quantity of earth and stone removed was to be ascertained by measurement of the fills, and the court so held.

At an early stage in the progress of the work the difference between the parties as to the meaning of the contract upon the question of measurement arose. The appellant prepared an agreement upon this point, making clear its contention as to what the contract meant, but the appellee declined to sign it, and insisted that the quantity of earth and rock moved was to be measured in the fills, and it was so measured, or attempted to be so measured, by the appellant's engineer.

It is not altogether clear, in the light of the facts and circumstances surrounding the parties when the contract was made,

what method of measurement was intended. The contract being ambiguous, the practical construction placed upon it by the parties was entitled to great consideration, especially as the commissioners taking the account in the case report that the measurement as contended for by the appellant has never been and cannot now be made, and we cannot say that the trial court erred in adopting that construction. *Knick* v. *Knick,* 75 Va. 12, 20; *Kidwell* v. *B. & O. R. Co.,* 11 Gratt. 676; *King* v. *N. & W. Ry. Co.,* 99 Va. 625, 39 S. E. 701.

The next assignment of error is that "Even if the contract could be construed as providing for measurement in the fills, the court erred in failing to allow for the shrinkage of earth."

The question of the quantity of earth and stone in the fills was one of the questions referred to the commissioners who took the account in the case, and they reported upon it. The appellant filed no exception that their finding upon that point was erroneous. If there was error in failing to allow for the shrinkage of earth in measuring the fills, it is not apparent on the face of the report, and an objection on that ground cannot be made for the first time in this court. *Osborne* v. *Big Stone Gap Colliery Co.,* 96 Va. 58, 66, 30 S. E. 446.

The action of the court in allowing solid rock prices instead of earth prices for the borrow pit at the tipple of Bond & Bruce is assigned as error.

The evidence of the engineers shows that it is the duty of the resident engineer to locate the borrow pits, and that it is the duty of the contractors to do the work as economically as possible. The evidence is conflicting as to whether the work done and the circumstances under which it was done entitled the appellee to solid rock or earth prices for removing the material from the borrow pit in question. The commissioners were of opinion that the appellee was entitled to solid rock prices and so reported. The court approved their finding. It not being clear upon all the facts and circumstances of the case that the commissioners and the trial court reached an erroneous con-

clusion, this court will not reverse it. *Shipman* v. *Fletcher,* 91 Va. 473, 478, 22 S. E. 458.

The next error assigned is the refusal of the trial court to allow the appellant "$600.00 claimed for the failure of the plaintiff to finish the road according to the contract."

The preponderance of evidence is that the work was not finished in all respects according to contract; but it is equally clear, we think, that the appellant being anxious to lay its rails accepted the work as it was turned over to it, and that its contention that the appellee agreed to do further work upon it after the track was laid is not satisfactorily shown. This assignment of error cannot, therefore, be sustained.

The remaining error assigned by the appellant is that the court erred in failing "to allow the defendant the sum of $325.00, resulting from the failure of the plaintiff (appellant) to finish the road within the time prescribed by the contract." ·

The road was not finished within the time provided for by the contract, but changes were made as to the work to be done after the contract was entered into, which required more work and necessarily gave the appellee the right to further time. We cannot say that the court erred in refusing to allow the claim or any part of it.

The appellee, under Rule VIII, assigns cross-errors. Without discussing in detail these assignments of error, it is sufficient to say that from a careful examination of the record we are of opinion that they cannot be sustained, and that the decree appealed from should be affirmed.

*Affirmed.*