# FURNESS, WITHY & COMPANY, LIMITED, v. YANG–TSZE INSURANCE ASSOCIATION, LIMITED, ET AL.

### CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 106.  Argued December 18, 19, 1916.—Decided January 8, 1917.

Petitions for writs of certiorari are at the risk of the parties making them, and whenever in the progress of the cause facts develop which if disclosed on the application would have induced a refusal, the court may upon motion by a party or *ex mero motu* dismiss the writ.

Such petitions should be carefully prepared, contain appropriate references to the record, and present with studied accuracy, brevity and clearness whatever is essential to ready and adequate understanding of points requiring the court's attention.

When the real situation is not set forth by the petition, a duty rests on opposing counsel to reveal it in their reply.

Writ of certiorari to review 215 Fed. Rep. 859, dismissed.

THE case is stated in the opinion.

*Mr. Norman B. Beecher*, with whom *Mr. Charles C. Burlingham* and *Mr. Roscoe H. Hupper* were on the briefs, for petitioner.

*Mr. D. Roger Englar* and *Mr. J. Parker Kirlin*, with whom *Mr. Lawrence Kneeland, Mr. John M. Woolsey* and *Mr. William H. McGrann* were on the briefs, for respondents.

MR. JUSTICE McREYNOLDS delivered the opinion of the court.

The writ of certiorari was improvidently granted and must be dismissed. We should have denied the petition therefor if the facts essential to an adequate appreciation to the situation had then been brought to our attention. Petitions of this character are at the risk of the party making them, and whenever in the progress of the cause facts develop which if disclosed on the application would have induced a refusal, the court may upon motion by a party or *ex mero motu* dismiss the writ. *United States v. Rimer*, 220 U. S. 547; *State v. Water Commissioners*, 1 Vroom (30 N. J. L.), 247.

In February, 1912, the Yang-Tsze Insurance Association, Limited, filed its libel in the District Court at New York against Furness, Withy and Company, Limited, owner of the Pomaron, to recover damages consequent upon the sinking of the Alleghany. A judgment for libellant rendered June 13, 1913, was affirmed by the Circuit Court of Appeals in June, 1914; and on October 5, 1914, the Pomaron's owner instituted a proceeding in the same District Court for limitation of liability and the steps customary in such causes were regularly taken. April 12, 1915, the petitioner presented an original application here for a writ of certiorari to bring up the judgment of the Circuit Court of Appeals in the damage cause and this was denied April 19th.

It now appears that, on April 22, 1915, a final decree containing the following recitals was entered by the District Court in the limitation proceedings—"Whereas the petitioner and all the claimants herein have compromised and settled the issues between them, and in consideration of the said compromise and settlement it has been agreed between the petitioner and all the claimants:" (The terms follow.) "Whereas in consideration of the said compromise and settlement, the several claimants herein by agreement have fixed and adjusted the amounts of their several losses consequent on the said collision at the following sums, to-wit:" (The amounts are specified.) "Now on the subjoined admissions of correctness of the foregoing recitals and the subjoined consents and waivers of settlement in respect of the entry of this decree made by the proctors for all claimants herein . . . it is ordered, adjudged and decreed," etc.

The following signed by all the proctors is subjoined to the decree: "The undersigned proctors for all the parties herein hereby admit the truth of the recitals contained in the foregoing decree and consent to the entry thereof, without further notice."

Petitioner's second application for certiorari which was presented June 1, 1915, and granted on the 14th of that month, contains these statements:

"On May 10, 1915, as your petitioner is informed, this Court granted a writ of certiorari to the Circuit Court of A. eals for the Ninth Circuit upon the petition of Olaf Lie, master of the Norwegian steamship Selja, in a suit between said Olaf Lie, master, etc., and the San Francisco & Portland Steamship Company, etc."

"Your petitioner now renews its application for certiorari for the reason that the questions presented by its petition are identical with those presented by the petition of Olaf Lie. The principal question is whether under this Court's decision in *The Pennsylvania*, 19 Wall. 125, a

privileged vessel, which before a collision with a burdened vessel ported her helm in violation (*prima facie*, at least) of Article 21 of the International Regulations may be held responsible for the collision, . . ."

"Subsequent to the decision of the Circuit Court of Appeals your petitioner instituted proceedings for limitation of liability, which, after the denial by this Court of the original petition, were prosecuted to a decree under which payments were made to the respondents by the Clerk of the District Court. As these payments were made under compulsion they would be recoverable by your petitioner in the event that this Court should reverse the decision of the Circuit Court of Appeals."

In their memorandum opposing the second petition for certiorari, counsel for the Insurance Association said, "The case is settled and closed." And after referring to steps taken in the limitation proceeding and quoting from the decree therein, dated April 22, 1915, they added, "All the claimants have been paid the respective proportions of the fund ascertained to be due to them, and have executed receipts of discharge in the terms provided by the decree. The case is, therefore, finally closed and settled as between all the parties, and such settlements have been made without any reservation of rights on the part of the petitioner."

We were not advised by petition of June 1, 1915, or memorandum opposing it that the final decree in the limitation proceedings was based upon an express compromise agreement; otherwise the writ would not have been allowed. At the hearing counsel expressed different views concerning the ultimate effect of that decree and the reasons for its form; and they made it quite plain that there was no purpose to mislead us. Nevertheless, in the circumstances, we think it was incumbent upon counsel for both sides to see that the petition and reply thereto disclosed the real situation. The oversight has re-

sulted in unfortunate delay and needless consumption of time.

During the last term one hundred fifty-four petitions for certiorari were presented and acted upon. Because of recent legislation—Act of September 6, 1916, c. 448, 39 Stat. 726—their number hereafter may greatly increase. Such petitions go first to every member of the court for examination, and are then separately considered in conference. This duty must be promptly discharged. We are not aided by oral arguments and necessarily rely in an especial way upon petitions, replies and supporting briefs. Unless these are carefully prepared, contain *appropriate* references to the record and present with *studied accuracy, brevity and clearness* whatever is essential to ready and adequate understanding of points requiring our attention, the rights of interested parties may be prejudiced and the court will be impeded in its efforts properly to dispose of the causes which constantly crowd its docket.

*Dismissed.*