## Wytheville.

### COTTRELL V. MATHEWS AND OTHERS.

June 14, 1917.

Absent, Burks and Sims, JJ.

1. MASTER IN CHANCERY—*Report—Weight Attached To.*—The report of a commissioner, especially when the evidence has been taken in his presence, is entitled to great weight, and should not be disturbed unless its conclusions are clearly at variance with the result of the evidence.

2. AMENDMENTS—*Bill in Equity—Cure of Irregularity.*—The irregularity of allowing a partition bill to be amended after the evidence was concluded and the commissioner's report filed, is entirely cured by a consent order of the court, by which it was agreed that the testimony taken before the commissioner, and the report of the commissioner, should be considered and treated with the same effect on the amended as upon the original bill.

3. INSANE PERSONS—*Guardian Ad Litem—Partition.*—Sections 2618 and 2619, Code of 1904, are. inapplicable to partition suits.

4. GUARDIAN AD LITEM—*Suits in Equity.*—Where the amended bill in a partition suit suggested that one of the parties was *non compos mentis,* and prayed for the appointment of a guardian *ad litem,* but the party and her husband and the appellant were all strenuously denying her insanity, and the issue was undetermined when she died, the fact that no guardian *ad litem* was appointed for her under section 3255, Code of 1904, is no ground for reversing the decree.

5. WILLS—*Construction—Words of Survivorship.*—Words of survivorship in a will are to be construed to relate to the testator's death rather than to that of a life tenant, unless a contrary intent clearly appears.

6. WILLS—*Construction—Words of Survivorship.*—A will contained the following clause: "At the death of my wife, it is my will that my estate be equally divided between my surviving children, share and share alike."

*Held:* That the words of survivorship in the will referred to the testator's death and not to his wife's death.

7. WILLS—*Construction*—*Vested and Contingent Remainders.*—A will should be construed to favor vested rather than contingent remainders.

Appeal from the Circuit Court of Henrico county. Decree for complainant. Defendant appeals.

*Affirmed.*

The opinion states the case.

*Marshall M. Gilliam,* for the appellant.

*A. W. Patterson* and *E. L. Ryan,* for the appellees.

KELLY, J., delivered the opinion of the court.

Omitting unimportant details, the case is this: Daniel Mathews died many years ago, leaving a will whereby he directed the ultimate division of his estate among his several children, subject first to the discharge of certain trusts. The present suit in equity was brought in the year 1914 by William H. Mathews, one of the children, to obtain a partition of the real estate passing under the will. One of the defendants, Mrs. Maria (Mathews) Brown, who was the complainant's sister, claimed in her answer and cross-bill that she had acquired from the complainant, by purchase, all of his interest in the estate of Daniel Mathews, and had paid him therefor. It further developed in the course of the proceeding that a very short time before this suit was brought Mrs. Brown had made to Charles Cottrell, her nephew, a deed for all of her interest in the Daniel Mathews estate. This deed was not recorded until after the suit was brought, and it was not mentioned in the first answer which Mrs. Brown filed, nor in the first answer which Charles B. Cottrell filed in the cause. After learning the facts with reference to this deed, the complainant filed an amended

bill, charging that Mrs. Brown was mentally incompetent to make a deed at the time she conveyed her interest to Cottrell. The amended bill alleged further that Mrs. Brown was very old and infirm in health, was childless, and that complainant, her next of kin, had a substantial interest in the conservation of her estate—and, as a fact appearing in the record, she died before the decree appealed from was entered.

The two questions of fact thus arising—first, whether William H. Mathews sold his interest in the estate to Mrs. Brown, and second, whether Mrs. Brown was capable of making a deed at the time of the conveyance to Cottrell— were both decided by the circuit court in favor of the complainant; and the sole assignment of error in the petition is that the court "erroneously held that Maria Brown was not entitled to William H. Mathews' interest in the estate of Daniel Mathews, and that her deed to Cottrell was null and void for lack of mental capacity on her part to make a deed."

The cause was referred to a commissioner of the court by a decree which embraced these two questions of fact, and the finding upon both was adverse to the appellant. He excepted to the report, and the circuit court sustained the commissioner. The depositions were all taken in the presence of the commissioner, and were returned and filed with a report which, in addition to the presumptions in its favor, bears upon its face the evidence of a most careful consideration of the questions submitted.

It is a familiar rule, many times emphasized in the decisions of this court, that the report of a commissioner, especially when the evidence has been taken in his presence, is entitled to great weight, and should not be disturbed unless its conclusions are clearly at variance with the result of the evidence. *Shipman* v. *Fletcher,* 91 Va. 473, 479, 22 S. E. 458; *Lusk* v. *Pelter,* 101 Va. 790, 798, 45 S. E. 333; *Hall*

107

v. *Hall,* 104 Va. 773, 776, 52 S. E. 557; *Va. & Ky. Ry. Co.*
v. *Heninger,* 110 Va. 301, 303, 67 S. E. 185; *Smiley* v. *Smiley,* 112 Va. 490, 493, 71 S. E. 532, Ann. Cas. 1913 B, 1159.
An examination of the evidence in the instant case fails to
disclose to us any reason why the report and decree should
be interfered with.

The appellant contends that the report and decree con-
firming the same were erroneous because the original bill
was merely for a partition, and did not contain any aver-
ments relating to the transactions between him and Mrs.
Brown. We do not understand that any question is raised
as to the jurisdiction of the court in a partition suit under
proper allegations, to set aside a deed and award the prop-
erty embraced therein to the party entitled thereto; and
the question of pleading is set at rest by the amended bill.
It is true that this amendment was made after the evidence
was concluded and the commissioner's report was filed, but
the irregularity was entirely cured by the consent order of
the court, which was in part as follows:

. "And thereupon, by consent of all parties by counsel, this
cause is docketed and set for hearing on the amended and
supplemental bill of the plaintiff, and by like consent came
on this day to be heard upon the original and amended bills,
the several answers thereto, the petition of Thos. N. Brown,
the general replications, the testimony of witnesses and the
report of Comr. Ingram with the several exceptions thereto
and the arguments of counsel, it being agreed that the
testimony heretofore taken before Comr. Ingram, and the
report of said commissioner, shall be considered and treated
with the same effect on the amended as upon the original
bill.

"It is further agreed that the only fact about which any
additional testimony may be desired relates to the birth of
a child or children alive to Thos. N. and Maria I. Brown,
as affecting the claim of curtesy, and that the court shall

consider and decide the cause upon all other questions pending inquiring into said matter of curtesy.

"And the court takes time to consider of its decision in the premises."

Nor does the fact that no guardian *ad litem* was appointed for Mrs. Brown afford any ground for reversing the decree. Sections 2618 and 2619 of the Code do not apply to suits of this character. If Mrs. Brown had survived, it would have been the proper practice, after her mental incompetency was established, to appoint a guardian *ad litem*, under section 3255, as in other ordinary suits in equity. Here, however, although the amended bill charged that she was *non compos mentis*, and prayed for the appointment of a guardian *ad litem*, she and her husband and the appellant were all strenuously denying her insanity, and that issue was undetermined when she died. Between the filing of the amended bill and the decision of the cause upon its merits, Mrs. Brown's death was suggested upon the record, and thereafter the cause was proceeded with in the name of her administrator, who, by counsel, consented to the decree from which the above quotation was taken.

Coming now to the cross-appeal, the appellee, under Rule VIII, assigns as error the construction which the circuit court placed upon the following clause in the will of Daniel Mathews: "At the death of my wife, it is my will that my estate be equally divided between my surviving children, share and share alike."

The commisioner and the court held that the words of survivorship in the will referred to the testator's death and not to his wife's death. This, we think, was the correct conclusion. The provision is not clear, but the result reached by the decree was the natural one, and is in accord with the rule which favors vested rather than contingent remainders. Words of survivorship in a will are to be construed to relate to the testator's death rather than to that of a life

tenant, unless a contrary intent clearly appears. *Hansford v. Elliott,* 9 Leigh (36 Va.) 79; *Allison* v. *Allison,* 101 Va. 537, 44 S. E. 904, 63 L. R. A. 920.

There is no error in the decree complained of and it must be affirmed.

*Affirmed.*