# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

JERUSHIA CALLIS v. W. J. RIPLEY, ET ALS.

November 16, 1933.

Present, All the Justices.

The opinion states the case.

*R. W. Shultice, Jr.,* for the plaintiff in error.

*Gilbert L. Diggs* and *V. R. Truitt,* for the defendants in error.

CHINN, J., delivered the opinion of the court.

This suit was instituted by the appellee, W. J. Ripley, against the appellant, Jerushia Callis, and others, to obtain a construction of the will of appellee's grandfather, W. R. Ripley, and the rights of the parties thereunder determined and declared.

By said will, admitted to probate November 15, 1870, testator devised all his real estate, described as the land and tenements upon which he then resided, to his wife "during her natural life," and directed said property to be disposed of after her death "in the following manner."

"That is to say, I desire to loan to my son, William O. Ripley, the home where I at present reside on trust during his natural life, and should he die leaving no lawful issue of his body, then the said land and improvements shall be equally divided with my next surviving heirs."

In addition to said William O. Ripley, who was his youngest son, and a minor, testator left surviving him four other sons, all of whom have since died leaving descendants. One of these sons, E. T. Ripley, left two children, namely, Jerushia Callis and W. J. Ripley (appellant and appellee, respectively), and also left a will whereby he devised all the property of which he was seized and possessed and to which he should be entitled at the time of his death to his said daughter, Jerushia Callis. William O. Ripley, life tenant under the will in question, is still living, but has never had any children.

It is claimed by appellant that the devise to "my next surviving heirs" after the termination of the life estate of William O. Ripley was intended to refer to "heirs" living at the time of the testator's death, and, therefore, E. T. Ripley, having survived the testator, took a vested remainder in one-fourth of the property, which interest passes exclusively to appellant under her father's will. This contention entirely ignores the express provision of the will, that the devise over to testator's "next surviving heirs" is only to take effect in event that the

life tenant, William O. Ripley, "should die leaving no lawful issue of his body." It is well settled that under this provision, if said William O. Ripley should die leaving lawful issue—*i. e.,* descendants—living, such issue would by plain implication take the estate in fee simple. *Garber* v. *Saufley,* 131 Va. 514, 109 S. E. 306; *Wine* v. *Markwood,* 31 Gratt. (72 Va.) 43. Both the event upon which the devise over is limited, and the person or persons who would take upon the happening of the event, being rendered uncertain by the terms of the will, neither E. T. Ripley, nor any of the surviving heirs of the testator, could by any possibility take a vested remainder in the estate.

"A vested remainder is a remainder limited to a certain person and on a certain event, so as to possess a present capacity to take effect in possession should the possession become vacant." 2 Minors Inst. 388; *Lantz* v. *Massie,* 99 Va. 709, 40 S. E. 50.

The real question presented, however, is whether the words "my next surviving heirs" refers to the heirs of the testator living at his death, or such heirs living at the death of the life tenant.

In the case of *Driskill* v. *Carwile,* 145 Va. 116, 133 S. E. 773, testator gave certain real and personal property to his sister and her husband for life, and at their decease, directed the same to be sold and "equally divided between the living heirs of my brothers and sisters."

In construing this provision, it was held that the gift to "the living heirs" of the testator's brothers and sisters, was a gift to a class, it being a gift to a body of persons uncertain in number at the time of the gift, to be ascertained at a future time, who are all to take in equal proportions; and being a gift to a class only those are entitled to the estate who belong to the class when the time arrives for its distribution. The late Chief Justice Prentis, in delivering the opinion of the court, quoted with approval from 40 Cyc. 1477, as follows:

"Where under the provisions of the will a gift to a class is postponed, either to a particular time or pending

the termination of the preceding estate, as a' rule those members of the class, and those only, take who are in existence at the arrival of the time of distribution, as at the death of the life tenant, unless the particular language used confines the gift to those in existence at the testator's death, or who are in existence at the date of the will." And in the same case, 2 Jarman on Wills (6th Ed. Bigelow) 675, is quoted as follows:

"In this state of the authorities, one scarcely need hesitate to affirm that the rule which reads a gift to survivors simply as applying to the objects living at the death of the testator, is confined to those cases in which there is no other period to which survivorship can be referred; and that where such a gift is preceded by a life or other prior interest, it takes effect in favor of those who survive the period of distribution, and of those only."

In the present case the devise to the "next surviving heirs" of the testator is to an uncertain number of persons who, at the time of distribution of the estate, are to share equally. It is preceded by the life estate of William O. Ripley, and contingent upon his death without lawful issue. It, therefore, seems clear that under the rules of construction stated in the *Carwile Case*, the words "next surviving heirs" in the will under consideration must be taken to relate to the time of the life tenant's death and not to that of the testator, as appellant claims.

The above mentioned opinion also cites the case of *Coveny* v. *McLaughlin*, 148 Mass. 576, 20 N. E. 165, 166, 2 L. R. A. 448, which seems equally applicable here. In that case the testator devised certain real estate to his wife for her life and added: "But on her decease I give and devise the same to my surviving children to be equally divided between them."

The Massachusetts court said: "The question is, whether the word *surviving* relates to the time of the testator's death, or to that of his wife's death. According to the natural use of the language, it has reference to the latter event. It is placed in close connection with her de-

cease. No reference is made to the time of his own death in any part of the will. The word 'surviving' would be unnecessary and meaningless if he meant to give the remainder of his estate to all of his children."

Aside from the established rules of construction above referred to, we think the intention of the testator is plainly evinced on the face of the will itself. As previously noted, under the provisions of the will, the lawful issue of W. O. Ripley, if any, take a fee simple estate in the property at his death, and the devise over cannot take effect until the death of said W. O. Ripley, without issue. It, therefore, appears manifest that the language, *"then* said land and improvements shall be equally divided with my *next* surviving heirs," read in connection with the preceding provisions of the will, not only clearly denotes the time the ultimate beneficiaries are to take and the property divided among them, but also designates the time the persons who answer the description of testator's "next surviving heirs" are to be ascertained. Considering the context, the word "next," of itself, we think, shows that the words "surviving heirs" were intended to refer to the heirs, or next of kin, of the testator living at the death of his son, William O. Ripley, without himself leaving issue. If the testator had intended the words of survivorship to apply to the sons living at the time of his death, the word "next," as it seems to us, would be entirely unnecessary and purposeless.

In support of the construction contended for by the appellant, the cases of *Allison* v. *Allison,* 101 Va. 537, 44 S. E. 904, 906, 63 L. R. A. 920, and *Cottrell* v. *Mathews,* 120 Va. 847, 92 S. E. 808, 809, are relied on.

In the first named case testator gave the residuum of his estate to his daughter for her life, and at her death to her children, if any should survive her, but if she should die without issue, or if her surviving child or children should die before becoming of age, "then the property bequeathed for the benefit of my daughter is to be divided

among my heirs at law according to the laws of the State of Virginia."

It was held that, there being nothing in the will to show a contrary intent, the ultimate bequest to testator's "heirs at law" was to the persons answering that description at the death of the testator, and not at the death of the life tenant.

It will readily be observed that no words of survivorship are contained in the bequest construed in the *Allison Case,* nor any words of limitation, or other language in the will, to designate the time the testator's heirs at law were to be ascertained, the testator merely stating that the property should be divided among his "heirs at law according to the laws of the State of Virginia." We do not think, therefore, the decision in that case is applicable here.

In *Cottrell* v. *Mathews,* the provision construed reads as follows: "At the death of my wife, it is my will that my estate be equally divided between my surviving children, share and share alike."

In commenting upon this provision, Judge Kelly merely said this: "The commissioner and the court held that the words of survivorship in the will referred to the testator's death, and not to the wife's death. This, we think, was the correct conclusion. The provision is not clear, but the result reached by the decree was the natural one, and is in accord with the rule which favors vested rather than contingent remainders. Words of survivorship in a will are to be construed to relate to the testator's death rather than to that of a life tenant, unless contrary intent clearly appears."

While the above observations of the learned judge may appear to be somewhat out of harmony with the decision of the court in *Driskill* v. *Carwile,* we think it may be distinguished from the case at bar, by merely calling attention to the fact, that in the *Cottrell Case,* as in *Allison* v. *Allison,* there are no words in the will to show at what time the testator intended his surviving heirs to be ascer-

tained, whereas, for the reasons previously stated, we think it clearly appears from the will here under consideration that the testator intended the words of survivorship used in the limitation over to refer to the time of the life tenant's death and not to that of his own death. Furthermore, we think the rules of construction laid down in *Driskill* v. *Carwile* to be clearly applicable here. In dealing with wills general rules of construction are to be applied with reservations. Indeed, we have said that in varying circumstances different constructions are sometimes placed upon the same word, but so far as we can generalize we do, as has been stated, approve of that laid down in the *Carwile Case*. It is to be followed unless special reasons for its non-observance appear.

■ The decree entered by the trial court construing the will in this case is, in part, as follows: "That the defendant, W. O. Ripley, sometimes known as W. A. Ripley, took a life estate in the said real estate, succeeding the said life estate of the said Nancy W. Ripley; and should child or children be born to the said W. O. Ripley, sometimes known as W. A. Ripley, then the said child or children shall take the said real estate in fee simple upon the death of the life tenant, W. O. Ripley, sometimes known as W. A. Ripley, but should the said W. O. Ripley, sometimes known as W. A. Ripley, die having no child or children the said real estate shall be equally divided among the next surviving heirs, the same being the nearest kin of the said William R. Ripley living at the time of the death of the said life tenant, W. O. Ripley, sometimes known as W. A. Ripley."

For the foregoing reasons, we think the decree of the trial court is plainly right, and the same is, therefore, affirmed.

*Affirmed.*