# Richmond

CLARENCE SMITH v. COMMONWEALTH.

January 11, 1934.

Present, All the Justices.

The opinion states the case.

*W. L. Devany, Jr.*, for the plaintiff in error.

*John R. Saunders, Attorney-General,* and *Edwin H. Gibson* and *Collins Denny, Jr., Assistant Attorneys-General,* for the Commonwealth.

HUDGINS, J., delivered the opinion of the court.

The accused, by this writ of error, is seeking to reverse a judgment and sentence to three years' confinement in

the penitentiary for obtaining money under false pretenses.

The Attorney-General moved to dismiss the writ because it was not alleged or proven that a copy of the petition was delivered to the Commonwealth's attorney for the city of Norfolk, as required by Rule II (a) of this court, the pertinent part of which reads thus:

"* * * Before any petition for appeal or writ of error is presented to a judge in vacation, or to the court in term, or filed with a clerk of the court, a copy thereof shall be first mailed or delivered to the opposing counsel in the trial court, and the petition shall aver the date of such mailing or delivery."

The rule in its present form, adopted November, 1929, was modeled after subdivision 3, No. 35 (now No. 38), of the Revised Rules of the Supreme Court of the United States. 28 U. S. C. A., section 354. Before a litigant can secure a writ of *certiorari* in that court he must convince the court, or one of the justices, that his petition presents a question the court should review, or, as stated by Senator Walsh (Montana), such writs are not "granted as a matter of right," but "as a matter of grace." The petition presents the issues from the point of view of the losing side in the lower court. The object of the rule is to give the winning side an opportunity to present the issues and the rulings of the trial court from its point of view. The question the court, or the justice, must determine is whether or not the case should be reviewed. The reply brief is a great aid to the court in its answer to this question.

In *Furness, Withy & Co.* v. *Yang-Tsze Ins. Ass'n,* 242 U. S. 430, 37 S. Ct. 141, 61 L. Ed. 409, the court said:

"The writ of *certiorari* was improvidently granted and must be dismissed. We should have denied the petition therefor if the facts essential to an adequate appreciation to the situation had then been brought to our attention. * * *

"* * * We are not aided by oral arguments and neces-

sarily rely in an especial way upon petitions, replies and supporting briefs. Unless these are carefully prepared, contain *appropriate* references to the record and present with *studied accuracy, brevity and clearness* whatever is essential to ready and adequate understanding of points requiring our attention, the rights of interested parties may be prejudiced and the court will be impeded in its efforts properly to dispose of the causes which constantly crowd its docket."

Reynolds Robertson in his "Appellate Practice and Procedure in the Supreme Court of the United States," page 64, speaking of the penalty for failure to serve a copy of the petition on opposing counsel, states:

"No case has come to the writer's attention in which a petition for a writ of *certiorari* has been dismissed for failure to make service. In the recent cases, since the adoption of the present rule, where respondent has represented to the court that he has not been served, or has been only partially served, the court has ordered the petitioner to make service, and the net result of the motion, so far as respondent is concerned, has been merely an extension of time within which to file respondent's brief."

No litigant, except in disbarment proceedings and in appeals from decisions of the Corporation Commission, is entitled to an appeal or writ of error from this court as a matter of right. Like an applicant for a writ of *certiorari* from the Supreme Court of the United States, he must first convince the court, or one of the justices, that his petition presents a question or ruling of the trial court which should be reviewed. The provision requiring mailing or delivering a copy of the petition to opposing counsel in the trial court is to give him an opportunity, by filing a reply, to aid the court in determining that question. As was stated in *Rives* v. *Gooch,* 157 Va. 661, 672, 162 S. E. 184, 188:

"* * * The object of the rule is plain and simple. It gives the successful litigant an opportunity, before the writ is granted, to point out the mistakes, if mistakes there

be, in the statement of facts, and the reasons which influenced the trial judge in arriving at his conclusion.

"Since November 6, 1929, when the rule, as last amended, was adopted we have found that it saves needless search, often through long records, to ascertain the pertinent facts, and brings quickly and clearly to our attention the vital issues in the case, to which consideration can be given without wasting time on non-essential exceptions with which meticulous lawyers often needlessly encumber the record. Filing a reply brief frequently saves the losing party the needless expense of further litigation, and enables the successful party to enjoy the fruits of victory without delay."

Before a petition for appeal or writ of error is finally refused it is passed upon by each of the seven judges. Except during a term of court, the justice to whom a petition is presented usually prepares a short memorandum stating his reasons for refusing the writ, which, with the papers, is passed around to the different justices. The reply frequently eliminates the necessity for including in this memorandum a full statement of the reasons for refusing the writ. When it has been determined to grant, or refuse, the writ, the reply, so far as the court is concerned, has served its purpose. In no sense, therefore, is the mailing or delivering a copy of the petition to opposing counsel a jurisdictional question. The court, or any justice to whom the petition is presented, may refuse to consider the petition until it is shown that a copy has been so mailed or delivered. Consistent compliance by the bar with this rule would be a great aid to the court in properly disposing of the many cases presented to it. If the court, or justice to whom the petition is presented, is satisfied that the writ should be granted and that a delay might work a serious hardship to the petitioner, it is not mandatory to defer action until the full ten days has elapsed.

The motion to dismiss is overruled.

Turning to the assignments of error, we find only one worthy of consideration. The Commonwealth, in order

to obtain a conviction, relied mainly upon the evidence of Lillie Mae Stevens, corroborated in some details by other witnesses. The defendant relied upon his own testimony, which was to the effect that the relationship between him and Lillie Mae Stevens was that of debtor and creditor. This was corroborated in part by the production of an undated note for $65, part of the $75 which he was charged with having obtained from her by false representation. The conclusion of the jury depended upon whether they accepted the testimony of Mrs. Stevens or that of the accused.

The Commonwealth, on cross-examination, elicited from the accused the fact that he had been previously convicted of a felony. The court rejected the evidence offered by the accused which tended to prove that since the former trial the chief witness against him had made an affidavit admitting that he had committed perjury in his testimony against the accused; that after obtaining his affidavit the accused, for the wrong perpetrated upon him, instituted a civil action against the witness, which had been settled out of court by the payment of $1,000.

■ The only ground for the admissibility of evidence of a former conviction is to discredit the witness in the case then being tried. To remove that stain, or to weaken its weight, the accused has a right to show the nature of the charge, the mere fact, if it was a fact, that he was convicted on conflicting evidence, and that he had served his time or had been paroled or pardoned by the Governor. See *Harris* v. *Commonwealth,* 129 Va. 751, 105 S. E. 541.

■ The evidence which the accused offered to introduce, if true, clearly established that the former conviction was obtained on perjured testimony. If the fact of a conviction is introduced to discredit a witness, he certainly ought to be permitted to prove by evidence discovered such as this since the former trial that the conviction was wrongfully procured. We cannot agree with the conclusion of the Attorney-General that to have permitted the introduction of this evidence and any contra-

diction thereof that the Commonwealth might obtain would involve a retrial in this case of the former charge.

For the reasons stated, the judgment of the trial court is reversed, the verdict of the jury set aside, and the case remanded for such further proceedings as the Commonwealth may be advised.

*Reversed.*

HOLT, J., dissenting:

The necessity for rules of practice and procedure in the orderly administration of justice has become universally recognized. Without them courts cannot satisfactorily function.

"It is well established that courts have the inherent power to prescribe such rules of practice and rules to regulate their proceedings and facilitate the administration of justice as they may deem necessary. This power, though expressly recognized by the statutes of some States, is inherent, and exists independently of statute." 7 R. C. L., p. 1023; 7 C. J. 901.

In Virginia this power is expressly conferred by statute, Code, section 5960, which as we have seen, but confirms our inherent power.

In conformity with this power, both inherent and statutory, we have said: "* * * Before any petition for appeal or writ of error is presented to a judge in vacation, or to the court in term, or filed with a clerk of the court, a copy thereof shall be first mailed or delivered to the opposing counsel in the trial court, and the petition shall aver the date of such mailing or delivery. * * *" Rules of Court, Rule II.

Before any petition for appeal can be presented or filed a copy thereof *shall* be first mailed or delivered to the opposing counsel in the trial court.

This provision is too plain for construction. It is mandatory and cannot be misunderstood even if one wished to misunderstand it. The power of the court to make a rule of this nature mandatory cannot be successfully chal-

lenged, and in making it mandatory the possibilities of language have been exhausted.

Of course, the court might have provided that "for good cause shown" these requirements might be waived just as we have provided for a possible waiver in Rule XXII, where it is said: "In civil and criminal cases, all objections to writs of every kind, pleadings, instructions, notices, the admissibility of evidence, or other matters requiring a ruling or judgment of the trial court, shall state with reasonable certainty the ground of such objection, and, unless it appears from the record to have been so stated, such objection will not be considered by this court except *for good cause shown,* or to enable this court to attain the ends of justice." (Italics supplied.)

In the case in judgment this saving clause for reasons deemed sufficient by this court has been deliberately omitted and should not now be written into it by construction.

The effect of the court's decision is to invite every litigant to challenge every mandatory requirement which we have seen proper to prescribe, and so "with some reverence for the law which we ourselves have made" I am constrained to dissent.

CAMPBELL, C. J., and GREGORY, J., concur in this dissent.