# Wytheville

PARKER MOSBY HARRIS v. JOHN WILLIAM HARRIS.

June 11, 1936.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Browning
and Eggleston, JJ.

The opinion states the case.

*L. Grafton Tucker* and *Louis F. Jordan,* for the appellant.

*Whitehead & Marshall* and *J. T. Coleman, Jr.,* for the appellee.

EGGLESTON, J.,* delivered the opinion of the court.

By deed dated December 3, 1897, and duly recorded, Joseph C. Harris and Ada Harris, his wife, conveyed to H. C. Harris, trustee, certain land in Nelson county, "in trust, nevertheless, for the purpose of securing the support and maintenance and education of infant son of the said parties of the first part, John William Harris and any other children which may hereafter be *borned* to them in lawful wedlock, and for the support and maintenance of the said Joseph C. Harris and Ada, his wife, during their natural lives, after their death to be equally divided in fee simple, among the children born to them as aforesaid, when the youngest child shall have attained the age of (21) years."

---

*Due to circumstances beyond our control, it was necessary to re-assign the writing of this opinion. This accounts for the delay in the decision.

There were born to the couple six children: John William Harris, J. Coleman Harris, Jr., Ruby Harris (now Ruby H. Horsley), Florence M. Harris, Edward M. Harris and Matthew H. Harris.

Florence M. Harris died in 1902, a few months after her birth. Edward M. Harris died intestate in 1927, leaving surviving his widow, Alice P. Harris.

After the death of his wife, Ada Harris, in 1912, Joseph C. Harris married Parker Mosby Harris. Six children were born of this union. They and their mother survived Joseph C. Harris who died on March 23, 1933.

By his will, drawn shortly before his death, Joseph C. Harris left to each of his surviving children by his first wife and to the widow of Edward M. Harris, the sum of $1.00. All the rest of his property he left to his widow, Parker Mosby Harris, for life with remainder to her six children by him.

The surviving children of the first marriage filed this suit in equity to construe the trust clause in the above mentioned deed. It is their contention that they are the owners of the property conveyed by the trust deed (except portions thereof which were conveyed by their father and to which they lay no claim), and that their stepmother and her six children have no interest therein.

On the other hand, the widow and her children contend that Florence M. Harris and Edward M. Harris, the two children by the first marriage who died before their father, took under the deed a vested remainder subject to the life estate reserved by and in favor of the grantors; that the mere enjoyment of such estate was postponed until the youngest child reached twenty-one years of age; that upon the death of the two children their interest descended to their father, Joseph C. Harris; and that such interest passed to them, the widow and her children, under the will of the said Joseph C. Harris.

The lower court held that the said Florence M. Harris and Edward M. Harris took under the deed no vested interest in the land; that their interest therein terminated

upon their death; that their father inherited no interest therein from them; and that, therefore, the widow and her children have no valid claim on the property. From a final decree embodying this ruling this appeal has been allowed.

We think the holding of the lower court is correct. It seems clear to us that it was the intention of the deed of trust that the fee simple title to the property was to vest only in such children as survived the grantors. The language is, "after their [the grantors'] death to be equally divided in fee simple, among the children born to them as aforesaid, when the youngest child shall have attained the age of (21) years." There is no indication that the title was to vest at the date of the deed as contended by the appellees. Indeed, there is strong argument for the position that the fee simple title was intended to vest only when the youngest child reached twenty-one years. But, in any event, a vesting of the title at any time after the death of the grantors disposes of the claim of the widow and her children.

We think this was a gift to a class the members of which were to be fixed after the termination of the life estate of the grantors. *Driskill* v. *Carwile,* 145 Va. 116, 121, 122, 133 S. E. 773; *Callis* v. *Ripley,* 161 Va. 472, 475, 476, 171 S. E. 497; 28 R. C. L., p. 264, section 238.

Prior to the death of the grantors in the deed of trust Florence M. Harris and Edward M. Harris had in the property only a right of support, maintenance and education. Upon their death they transmitted to their father by inheritance no interest therein. Hence, the widow and her children acquired no interest therein under the will.

The decree of the lower court is plainly right and is affirmed. So much for the merits of the case.

Appellees have filed a motion to dismiss the appeal on the ground that the petition therefor does not comply with Rule II (a) of this court in that it fails to aver that before it was presented to us a copy thereof was mailed or delivered to opposing counsel. The appellees further say,

and the appellants admit, that there was, in fact, no such mailing or delivery.

The pertinent part of the rule is, "Before any petition for appeal or writ of error is presented to a judge in vacation, or to the court in term, or filed with a clerk of the court, a copy thereof shall be first mailed or delivered to the opposing counsel in the trial court, and the petition shall aver the date of such mailing or delivery." (Rules of Court, Rule II (a); 164 Va., p. x.)

This rule has been prescribed by this court pursuant to its inherent power (7 R. C. L., p. 1023, section 50) as well as the express legislative authority granted by Code, section 5960.

In *Rives* v. *Gooch,* 157 Va. 661, 672, 673, 162 S. E. 184, 188, we said: "The object of the rule is plain and simple. It gives the successful litigant an opportunity, before the writ is granted, to point out the mistakes, if mistakes there be, in the statement of facts, and the reasons which influenced the trial judge in arriving at his conclusion.

"Since November 6, 1929, when the rule, as last amended, was adopted, we have found that it saves needless search, often through long records, to ascertain the pertinent facts, and brings quickly and clearly to our attention the vital issues in the case, to which consideration can be given without wasting time on non-essential exceptions with which meticulous lawyers often needlessly encumber the record. Filing a reply brief frequently saves the losing party the needless expense of further litigation, and enables the successful party to enjoy the fruits of victory without delay. See address of Chief Justice Prentis, Reports of Virginia State Bar Association, 1930, pp. 543, 544."

In *Smith* v. *Com.,* 161 Va. 1112, 172 S. E. 286, we held that compliance with this rule was not mandatory, but our further experience convinces us that it should be. In *Oliver* v. *Com.,* 163 Va. 347, 175 S. E. 864, the writ of error was dismissed because the petition failed to comply with subsection (b) of Rule II.

██ We, therefore, hold that the provisions of Rule II (a), now under examination, *must be complied with* except in those cases where the petitioner is entitled to an appeal or writ of error as a matter of right.

Since we have affirmed the case on its merits, it will not be necessary to dismiss the appeal for failure to comply with the rule.

*Affirmed.*